**Allen Fitzgerald CALTON, Appellant,**

v.

**The STATE of Texas.**

**No. PD–441–04.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 2005.

Jack V. Strickland, Fort Worth, for Appellant.

C. James Gibson, Asst. District Attorney, Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON, and HERVEY, JJ., joined.

Evading arrest is a third-degree felony if the actor uses a vehicle and has previously been convicted of evading arrest. We must decide whether the prior conviction must be proved at the guilt-innocence or punishment stage of trial. We conclude that it must be proved at the guilt stage of trial because the statute presents it as an element of the offense, not as an enhancement provision.

### Facts

Allen Fitzgerald Calton and his little red Corvette took police officers on the ride of their lives one morning in North Texas. He sped along highway shoulders, squeezed between other vehicles, and ran red lights, all over the course of several miles and with multiple police units in chase. At last, Calton raced into a public park, crashed through some gates, and plunged his sports car right into Lake Lewisville.

### Procedural History

Calton was arrested and charged with evading arrest. The indictment alleged that he fled, using a vehicle, from a peace officer attempting to lawfully arrest or detain him. The second paragraph alleged that, before the commission of that offense, Calton had been convicted of evading arrest. Two more paragraphs set out additional prior convictions as "habitual offender" notices.

Calton pleaded not guilty and was tried before a jury. The State did not introduce any evidence of the prior evading arrest conviction or the other two prior convictions at the guilt phase of trial. The jury charge asked the jury to find whether

Calton "did intentionally flee, using a vehicle, from ... a peace officer attempting to lawfully arrest or detain him." It did not ask the jury to find whether Calton had been previously convicted of evading arrest. Based on this charge, the jury found Calton "guilty as alleged in the indictment."

At the punishment phase, paragraph two of the indictment and both habitual offender notices were read. The jury checked "true" to the "enhancement paragraph" and to both "habitual offender notices." The jury assessed punishment at 50 years in prison.

Calton appealed. He argued, among other things, that his 50–year sentence was illegal because the State failed to prove an essential element of the offense—specifically, the prior evading arrest conviction. As a result, he contended, he had only been convicted of a state jail felony which, with enhancements, had a maximum sentence of 20 years.

The Court of Appeals agreed.[1] The Court concluded that a prior evading arrest conviction is an element of the offense of third-degree evading arrest and must be proved at the guilt phase of trial.[2] The Court reformed the judgment to reflect a conviction for a state jail felony and remanded the case for a new punishment hearing. We granted the State's petition for discretionary review to decide whether a prior conviction for evading arrest must be proved at the guilt stage of trial in a prosecution for third-degree felony evading arrest.

## Analysis

■ For evidence to be sufficient to convict, the State must prove each element of the offense beyond a reasonable doubt.[3] Our Legislature has defined the elements of an offense as the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense.[4] In discerning whether any given fact constitutes an element of an offense, we look to the plain language of the statute involved and apply that plain language if we are able.[5] If, however, the plain language is ambiguous or leads to an absurd result that the Legislature could not possibly have intended, we resort to extra-textual sources to determine the elements of the offense.[6]

■ A prior conviction alleged for enhancement "is not really a component element of the primary offense."[7] Instead, it is "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him."[8] An enhancement "increase[s] the punishment range to a certain range above that ordinarily prescribed for the indicted crime."[9] It does not change the offense, or the degree of the offense, of conviction. There can be no enhancement

1. *Calton v. State*, 132 S.W.3d 29 (Tex.App.-Fort Worth 2004).

2. *Id.* at 34.

3. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

4. Tex. Pen.Code § 1.07(a)(22).

5. *See State v. Mason*, 980 S.W.2d 635, 638 (Tex.Crim.App.1988); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

6. *Id.*

7. *Brooks v. State*, 957 S.W.2d 30, 32 (Tex.Crim.App.1997).

8. *Id.*

9. *Ex parte Beck*, 769 S.W.2d 525, 527 (Tex.Crim.App.1989).

until a person is first convicted of an offense of a certain degree.

■ To determine whether a prior evading arrest conviction under § 38.04 is an element of the offense or serves as an enhancement, we begin with the text of that statute. It provides in pertinent part as follows:

### § 38.04. Evading Arrest or Detention

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.

(b) An offense under this section is a Class B misdemeanor, except that the offense is:

(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; ...

■ The plain language of this statute demonstrates that the third-degree offense of evading arrest is committed when a person (1) intentionally (2) flees (3) from a person (4) he knows is a peace officer (5) attempting to lawfully arrest or detain him and (6) the actor uses a vehicle while in flight and (7) the actor has been previously convicted of evading arrest. There is nothing ambiguous about the statute. It defines third-degree evading arrest as occurring when the actor has previously been convicted of evading arrest. A conviction for this offense cannot occur until this element is proved. The statute does not set forth a higher punishment range for the offense when the prior conviction is proved. Instead, it requires proof of the prior conviction for the third-degree felony

conviction to occur. The plain language of § 38.04 reveals that a prior conviction for evading arrest is an element of the offense of third-degree evading arrest. It, therefore, must be proved at the guilt phase of trial. Nothing about this interpretation produces an absurd result which the Legislature could not possibly have intended.

The State, however, advances a number of arguments as to why a prior conviction for evading arrest should not be an element of the offense of third-degree evading arrest. First, the State contends that there are only two categories of prior convictions in this state—those that are jurisdictional and those that are used for enhancement. The State contends that if the prior conviction is jurisdictional, it must be proved at the guilt phase of trial, and if it is an enhancement, it must be proved at the punishment phase of trial. According to the State, there is no third category of "non-jurisdictional element of the offense." In this case, the State argues, the prior conviction was not jurisdictional, because this offense became a state jail felony by Calton's use of a vehicle. Since jurisdiction was therefore proper in the district court, the additional allegation of a prior conviction was not a jurisdictional element. As a result, it was necessarily an enhancement.

We disagree. The issue in this case is whether the prior conviction must be proved at guilt-innocence or punishment. To sustain a conviction, all the elements of the offense must be proved at guilt. So the relevant question is whether the prior conviction is an element of the offense, not whether it is jurisdictional.

■ And whether something is an element of an offense is a completely separate inquiry from whether it is jurisdictionally required. We have made clear that juris-

diction is not an element of an offense.[10]

For example, the theft statute defines degrees of the offense in terms of the dollar value of the property that is stolen. The offense is a state jail felony if the value of the property stolen is more than $1,500 and less than $20,000. It is a third-degree felony if the value of the property stolen is more than $20,000 and less than $100,000. As a result, an element of the offense of third-degree theft is that the value of the property stolen is more than $20,000 and less than $100,000. This is not a jurisdictional requirement; jurisdiction vests in the district court once the value of the property becomes more than $1,500. But the property's value is an element of the offense.

Similarly, the aggravated assault statute provides that an offense is a second-degree felony unless it is committed by a public servant, in which case it is a first-degree felony. That the offense is committed by a public servant is an element of the offense of first-degree aggravated assault, but it is not a jurisdictional requirement. Jurisdiction vests in the district court by the allegation of aggravated assault regardless of whether the actor is a public servant. The allegation of public servant is an element of the offense even though it is not jurisdictional. We reject the State's contention that there is no third category of "non-jurisdictional element of the offense."

The State contends that our result violates Art. 36.01. That statute provides that "[w]hen prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07." The State contends that this statute restricts proof of non-jurisdictional prior convictions to the punishment phase. For support, the State relies on *Bell v. State.*[11]

In *Bell,* the defendant was prosecuted for possession of marijuana under former Art. 725b. The punishment provision of that statute provided that, upon a first conviction, the offense was a felony punishable by two to ten years in prison, and upon a second or subsequent conviction, the offense was a felony punishable by ten years to life in prison. We concluded that the fact of a prior conviction was an enhancement provision, not an element of the offense.[12] Finding that Art. 36.01 applied, we then asked "whether the prior conviction was alleged for enhancement purposes only, or was also jurisdictional."[13] Finding that it was for enhancement purposes only, we concluded that the prior conviction should not have been proven by the State during the guilt stage of trial.[14]

The language in *Bell* implies that a prior conviction alleged for enhancement purposes may be jurisdictional or not, and if it is jurisdictional, it must be proved at the guilt phase of trial. But this implication is imprecise. In fact, a prior conviction must be proved at the guilt stage of trial if it is an element of the offense, whether or not it is jurisdictional. If it is alleged for enhancement purposes, it is not an element of the offense. The focus of the inquiry is on whether the prior conviction is an element of the offense, not on whether it is jurisdictional.

Other language in *Bell* supports this interpretation. We held that the prior con-

---

10. *Mason,* 980 S.W.2d at 641.

11. 504 S.W.2d 498 (Tex.Crim.App.1974).

12. *Id.* at 500.

13. *Id.* at 501.

14. *Id.*

viction in *Bell* was for enhancement purposes and was "not an element of the offense." [15] And we noted that the language of the statute was "specifically designated a penalty section and in every respect appears to be precisely that." [16] Our focus on the elements of the offense, as well as the text of the statute, supports our conclusion today. We reject *Bell's* implication that proof of non-jurisdictional prior convictions must be at the punishment phase. The issue is not whether the prior conviction is jurisdictional but whether it is an element of the offense.

Additionally, the State's interpretation renders a portion of Art. 36.01 meaningless. Art. 36.01 sets forth the order in which a trial is to proceed. It specifies that "when prior convictions are alleged for purposes of enhancement only *and* are not jurisdictional," that portion of the indictment should not be read until the punishment phase. Under the State's interpretation, the word "and" would be replaced with the word "or." The State believes that because the prior conviction in this case was not jurisdictional, it should be proved at the punishment phase. But the fact that the prior conviction was not jurisdictional satisfies only the second part of Art. 36.01. The first part of the statute is that the prior conviction is alleged for purposes of enhancement only. That language is not satisfied in this case. In this case, the prior conviction was not alleged for enhancement purposes only. As a result, it needed to be proved at the guilt phase of trial.

The State argues that our interpretation, like that of the Court of Appeals, "splits hairs" in its focus on the text of the statute. But that is exactly the court's job—to focus on the language of the statute at issue. The State would have us look to the purpose of prior convictions generally, noting that repeated commission of the same crime is recidivist behavior and is not generally regarded as an element of an offense, no matter where it appears in the statute's text. We reject this approach. We have made clear that statutory interpretation in this state begins with a statute's text and goes beyond that limit only in extraordinary circumstances. The State's approach ignores the text of Section 38.04.

Finally, the State argues, citing *Tamez v. State*,[17] that this interpretation prejudices defendants because it requires the prior conviction to be proved at guilt. While we acknowledged in *Tamez* the "strong likelihood that the jury may improperly use [prior convictions] in reaching its verdict,"[18] that case involved a defendant's offer to stipulate to jurisdictional prior convictions in a DWI case. It does not control the question of whether the prior conviction in an evading arrest case need be proved at guilt or punishment. Our answer is governed by the language of Section 38.04. If the Legislature believes that our result today prejudices defendants, it may remedy the problem by revising the language of its statute.

### Conclusion and Judgment

The Court of Appeals correctly held that the prior conviction in this case was an element of the offense and had to be proved at the guilt phase of trial. We affirm the judgment of the Court of Appeals.

---

15. *Id.* at 500.

16. *Id.*

17. 11 S.W.3d 198 (Tex.Crim.App.2000).

18. *Id.* at 202.

WOMACK, J., filed a dissenting opinion in which KELLER, P.J., HOLCOMB, and COCHRAN, J.J., joined.

WOMACK, J., dissenting in which KELLER, P.J., HOLCOMB, and COCHRAN, J.J., joined.

I agree with the Court's opinion (*ante,* at 234); "There is nothing ambiguous about the statute." The question is whether the unambiguous language that moves an offense of evading arrest from the misdemeanor classification into the felony classification is an element of the offense.

"Evading arrest or detention" is an offense under Section 38.04 of the Penal Code, the relevant parts of which read:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest or detain him.

(b) An offense under this section is a Class B misdemeanor, except that the offense is:

(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

( A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; or

(B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(3) a felony of the second degree if another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight.

The appellant was convicted of the third-degree felony level of the offense, which required proof of the terms in Subsections (a) and (b)(2)(A).

The Court's opinion lists the seven things that are required to be proved in such a case.

Then it says that the unambiguous statute "defines third-degree evading arrest as occurring when the actor has previously been convicted of evading arrest. A conviction for this offense cannot occur until this element has been proved."

The last sentence seems to me to assume the thing that it to be proven: that this required fact is an "element." To support the conclusion that the fact is an element, the opinion advances nothing more than that it is required. But a mere requirement of proof does not an element make.

"Element of offense" is defined by Section 1.07(a)(22) of the Penal Code as:

"(A) the forbidden conduct;

("B) the required culpability;

"(C) any required result; and

("D) the negation of any exception of the offense."

As one parses the terms in Section 38.04 in the order in which they appear, one sees clearly that some are elements.

"Intentionally" is required culpability. *See* Section 6.02, which is captioned "Requirement of Culpability," and which begins, "(a) Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires." Therefore it is an element.

"Flees from" is forbidden conduct. *See* Sections 1.07(a)(10) (" 'Conduct' means an act or omission and its accompanying mental state" and 6.01(a) ("A person commits

an offense only if he voluntarily engages in conduct, including an act, an omission or possession"). Therefore it is an element.

"A person he knows is a peace officer attempting to arrest or detain him" is an interesting term that can be seen as both required culpability (a particular knowledge) and a circumstance surrounding the offense if, as seems likely, there in fact must have been a peace officer who was attempting to lawfully arrest or detain him. Therefore this is an element.

"The actor[1] uses a vehicle while the actor is in flight" is conduct, and therefore an element.

The two remaining terms, which are at issue in this case, are complementary possibilities in cases in which the conduct of using a vehicle while in flight has been proved. Such an actor either "has not been previously convicted under this section," in which case the offense is a state jail felony under Subsection (b)(1), or "has been previously convicted under this section," in which case the offense is a felony of the third degree under Subsection (b)(2)(A). What are these terms?

They are not conduct, they are not culpability, they are not a result, and they do not negative an exception. In the plain language of the statute, they are not elements. For the purist, who goes no further when there is no ambiguity in the plain language of the statute, the issue of the prior conviction's being an element of the offense is concluded.

What is this fact question, if not an element? It seems to me that it is an enhancement. That word is not defined in the Penal Code, but the caption of Section 49.09 ("Enhanced Offenses and Penalties") indicates that the Code provides for enhancements of offenses and of penalties.

"Offenses," Section 12.02 says, "are designated as felonies or misdemeanors." In each of these designations, offenses are classified into categories according to the relative seriousness of the offense. Felonies are classified into categories of capital, first degree, second degree, third degree, and state jail;[2] misdemeanors, into categories of A, B, and C.[3] To each classification, "ordinary punishments" are assigned,[4] and "exceptional sentences" are provided.[5]

I suggest that the exceptional sentences are "enhanced penalties." They include "penalties for repeat and habitual felony offenders" under which prior convictions for felonies enhance the penalties for felonies,[6] and "penalties for repeat and habitual misdemeanor offenders" under which prior convictions for felonies or misdemeanors enhance misdemeanor penalties without changing the misdemeanor offenses to felony offenses.[7] They also include enhanced penalties for offenses "committed because of bias or prejudice,"[8] "certain offenses resulting in loss to nursing and convalescent homes,"[9] and offenses that were committed by use of a

---

1. " 'Actor' means a person whose criminal responsibility is in issue in a criminal action." PENAL CODE § 1.07(a)(2).

2. *Id.,* § 12.04.

3. *Id.,* § 12.03.

4. *See id.,* chapter 12, subchapters B ("ordinary misdemeanor punishments") and C ("ordinary felony punishments").

5. *See id.,* subchapter D.

6. *See id.,* § 12.42.

7. *See id.,* § 12.43.

8. *See id.,* § 12.47.

9. *See id.,* § 12.48.

controlled substance;[10] the structure of which is that proof of the enhancing fact increased the penalty to the next higher category of classification, except that if the offense is a Class A misdemeanor of a first-degree felony, the classification remains the same and a higher minimum punishment is provided.

Enhancement of offenses from a misdemeanor designation to a felony designation by allegation and proof of prior conviction is provided for particular offenses. One is the offense of theft, which would otherwise be a misdemeanor, that is enhanced to a felony classification when the defendant has been previously convicted two or more times of theft.[11] Others are the offenses of driving, flying, boating, and operating an amusement ride while intoxicated, which are enhanced from misdemeanors to felonies if the person has been convicted twice previously of a related offense, or convicted once previously of intoxication manslaughter.[12]

The offense of evading arrest may be classified as a misdemeanor or a felony, and the difference is made by an element of the offense, namely the conduct of using a vehicle while the actor is in flight. The fact of a vehicle user's prior conviction enhances the penalty within the felony classification from the lowest felony level to the next higher. I would conclude, therefore, that under the plain language of the statutes the prior conviction is not an element of the offense, and that the prior conviction is a penalty enhancement.

What difference does this make? These distinction between an element and an en-

hancement can be important because of Articles 36.01 and 37.07 of the Code of Criminal Procedure, which provide for the order of proceeding in a jury trial of any criminal action. The first step in Article 36.01(a) is:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.[13]

The final step is:

8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07.[14]

Since the amendment of these statutes took effect in 1966, criminal trials in the district and county-level courts have been "bifurcated" into guilt and punishment hearings, and the reading and proof of an enhancement allegation in a charging instrument has been postponed to the punishment hearing—with one exception: the enhancement allegation that is "jurisdictional."

The enhancement that may be "jurisdictional," as Article 36.01(a)(1) puts it, is the kind that enhances an offense from a misdemeanor classification to a felony classification. Since the district courts of Texas generally have original jurisdiction of criminal cases of the grade of felony,[15] while the county courts generally have original jurisdiction of misdemeanors,[16] an allega-

---

10. See id., § 12.49.

11. Id., § 31.03(e)(4)(D).

12. Id., § 49.09(b).

13. CODE CRIM. PROC. art. 36.01(a)(1).

14. Id., art. 36.01(a)(8).

15. See CODE CRIM. PROC. art. 4.05.

16. See id., art. 4.07. The statutes that create some county courts give them jurisdiction of felony cases.

tion of a prior conviction that enhanced an offense from a misdemeanor designation to a felony designation would be "jurisdictional" in the trial of a case in most district courts.

In this particular case, there was no possibility of the enhancement allegation's being jurisdictional, because the case was tried in a court that had jurisdiction of misdemeanors as well as felonies, namely the Tarrant County Criminal District Court No. 4. That court, in addition to "the jurisdiction provided by the constitution and the general laws of this state for district courts" [17] and "the jurisdiction provided by other law," [18] also "has concurrent jurisdiction with the county criminal courts in Tarrant County over misdemeanor cases." [19] Therefore neither allegation of a prior conviction was "jurisdictional" in the meaning of Article 36.01(a)(1).

The actual jurisdiction of the trial court has not been discussed in the Court of Appeals' opinion, the petitions and briefs in this Court, or in this Court's opinion. I believe it disposes of the State's argument that the enhancement allegation of the prior conviction for evading arrest was jurisdictional, since there could have been no jurisdictional effect in this trial.

I believe that the Court of Appeals erred in holding that the allegation of the prior offense was an element of the offense, and I am sure that it was not alleged for jurisdiction. I would, therefore, reverse the judgment of the Court of Appeals and affirm that of the Criminal District Court.

---

17. GOV'T CODE § 24.309 (made applicable to the Tarrant County Criminal District Court No. 4 by *id.,* § 24.913(e)).

