In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00307-CR


____________________



PHILLIP ALLEN FIELDER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19995






MEMORANDUM OPINION


 A jury convicted appellant Phillip Allen Fielder of evading arrest or detention with
a vehicle and sentenced him to eight years of confinement in the Institutional Division of the
Texas Department of Criminal Justice. See Tex. Pen. Code Ann. § 38.04(a), (b)(2)(A)
(Vernon 2003) (Evading arrest or detention is a third-degree felony if "the actor uses a
vehicle while . . . in flight and the actor has previously been convicted [of evading arrest or
detention.]"). Fielder then filed this appeal, in which he contends the evidence was legally
and factually insufficient to support his conviction of a third degree felony because the State
did not introduce evidence of his prior conviction for evading arrest or detention during the
guilt or innocence phase of the trial. He argues that "the evidence presented and the charge
to the jury under which the jury convicted Appellant was sufficient to support a conviction
for the lesser included offense of the state jail felony of evading arrest or detention under
Section 38.04(b)(1)." The State concedes error and requests that the judgment be reformed. 
We reform the judgment to reflect conviction of the state jail felony offense of evading arrest
or detention and affirm the judgment of conviction as reformed, but we reverse and remand
the case for a new trial on punishment.

 Deputy James Buie of the Polk County Sheriff's Department testified that while he
was on duty in a marked patrol vehicle after dark, he saw a vehicle heading toward him
without its headlights on. At trial, Deputy Buie identified Fielder as the driver of the vehicle.
When Deputy Buie observed the vehicle, he believed the driver might have simply forgotten
to turn on the lights, so Deputy Buie activated the takedown lights on his vehicle. Deputy
Buie testified that Fielder did not respond when he activated the lights, so Deputy Buie began
to follow Fielder and activated his emergency lights. Fielder eventually turned his headlights
on, but Deputy Buie continued to follow him to assess the situation to see whether Fielder
was impaired. 

 When Deputy Buie approached Fielder from behind with the patrol car's lights
activated, Deputy Buie stopped his vehicle in the middle of an intersection. Deputy Buie
explained that when Fielder stopped, he contacted his dispatcher and began to exit his patrol
vehicle to approach Fielder. Deputy Buie testified that as he "placed one foot on the ground
beginning to get out of the vehicle, [Fielder's] vehicle accelerated and took off from where
we were parked." Deputy Buie then got back into his patrol vehicle, notified dispatch of
Fielder's failure to stop, and activated the siren. According to Deputy Buie, Fielder ignored
the siren and continued driving. 

 Deputy Buie heard on the radio that other officers were en route to assist him and
were going to set up spikes to puncture the tires of Fielder's vehicle. After Fielder ran over
the spikes, he continued driving and Deputy Buie observed that at least one of Fielder's tires
was flat. Deputy Buie and another officer followed Fielder, and Fielder eventually stopped
and exited his vehicle. Deputy Buie drew his weapon and ordered Fielder to stop and get on
the ground, but Fielder ignored the order and continued walking. Deputy Buie testified that
he continued to follow Fielder and saw that Fielder did not have any weapons in his hand,
and Deputy Buie again ordered Fielder to get on the ground. Deputy Buie explained that he
eventually made physical contact with Fielder and attempted to arrest him, but Fielder
resisted, and in the struggle, Deputy Buie fell off the porch and onto the ground and was
injured. Although Fielder continued to resist, Deputy Buie and another officer eventually
handcuffed Fielder. The officers placed Fielder in the back seat of Deputy Buie's patrol car. 
Fielder provided his name and date of birth to the officers, and dispatch informed the officers
there was an outstanding warrant for Fielder's arrest. Deputy Buie testified that his patrol
vehicle is equipped with an audio and video recording device that is activated when the
emergency lights are turned on, and the State played the DVD for the jury. 

 Sergeant Perry Alexander of the Polk County Sheriff's Department testified that while
he was on duty, he learned that Deputy Buie was pursuing a vehicle, so he set up spikes.
Sergeant Alexander testified that Fielder's vehicle hit the spikes. Sergeant Alexander then
retracted the spikes to allow Deputy Buie's vehicle to continue the pursuit. Sergeant
Alexander learned where Fielder had gone, and when he arrived at the scene, Fielder was in
custody. 

 Deputy Scott Clay Wright of the Polk County Sheriff's Department testified that when
he learned that Deputy Buie was pursuing a vehicle, he activated his lights and siren, and he
notified dispatch that he was en route. Deputy Wright heard on the radio that spikes had
been successfully deployed. Deputy Wright saw the pursuit, and he saw Fielder's vehicle
come to a stop. Deputy Wright heard Deputy Buie order Fielder to stop, and he saw Deputy
Buie fall while attempting to arrest Fielder. Deputy Wright assisted Deputy Buie in
handcuffing Fielder. 

 The State rested at the conclusion of Deputy Wright's testimony. During the
punishment phase, the State for the first time introduced evidence that Fielder had previously
been convicted of evading arrest, and other crimes. 

 In his first issue, Fielder contends the evidence was legally insufficient to support his
conviction for the third-degree felony offense of evading arrest or detention by using a motor
vehicle because the State did not introduce evidence of his prior conviction for evading arrest
or detention during the guilt/innocence phase. In reviewing the legal sufficiency of the
evidence, we consider all of the evidence in a light most favorable to the prosecution to
determine if any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). We
consider all of the evidence, whether properly or improperly admitted, as well as both direct
and circumstantial evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001);
Muttoni v. State, 25 S.W.3d 300, 308 (Tex. App.--Austin 2000, no pet.). 

 Section 38.04 of the Penal Code provides as follows, in pertinent part:

 (a) A person commits an offense if he intentionally flees from a person
he knows is a peace officer attempting lawfully to arrest or detain him.


 (b) An offense under this section is . . . :


 . . . .


 (2) a felony of the third degree if:


 (A) the actor uses a vehicle while the actor is in flight and
the actor has been previously convicted under this section[.]


Tex. Pen. Code Ann. § 38.04(a), (b)(2)(A). As the Court of Criminal Appeals has
explained, a prior conviction for evading arrest is an element of the third-degree felony
offense of evading arrest or detention and, therefore, must be proved during the guilt or
innocence phase. Calton v. State, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005). Because
the State did not introduce evidence of Fielder's prior conviction for evading arrest or
detention during the guilt or innocence phase, the evidence is legally insufficient to support
Fielder's conviction for the third-degree felony of evading arrest or detention. See id. 
However, the evidence is sufficient to support conviction of the state jail felony of evading
arrest or detention. See Tex. Pen. Code Ann. § 38.04(a), (b)(1) (evading arrest or detention
is a state jail felony if the actor used a vehicle while in flight and the actor is not shown to
have a prior conviction for evading arrest or detention). Fielder requests that we "reform the
judgment to reflect a conviction of the state jail felony offense, and reverse and remand this
case for a new trial on punishment." The State also requests that "the judgment of the trial
court be reformed to reflect a conviction for the lesser included state jail felony offense of
evading arrest and detention and remand to the trial court for a new punishment hearing." 
See Calton v. State, 132 S.W.3d 29, 34 (Tex. App.--Fort Worth 2004), aff'd, 176 S.W.3d 231
(Tex. Crim. App. 2005). Accordingly, we reform the judgment to reflect conviction of the
state jail felony offense of evading arrest or detention and affirm the judgment of conviction
as reformed, but we reverse and remand the case for a new trial on punishment. (1)

 AFFIRMED IN PART AS REFORMED; REVERSED AND REMANDED IN
PART.



 __________________________________

 CHARLES KREGER

 Justice

Submitted on July 9, 2009

Opinion Delivered July 29, 2009

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. Because of our resolution of issue one, we need not address Fielder's second issue.