# NO. 12-10-00164-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY JACKSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rodney Jackson appeals from his conviction for evading arrest or detention. In two issues, Appellant argues that the sentence imposed is illegal and that the evidence is legally insufficient to support his conviction. The State concedes error. We reverse and remand for a new sentencing hearing.

## BACKGROUND

A Smith County grand jury indicted Appellant for the offense of evading arrest or detention.[1] The indictment alleged that Appellant intentionally fled from a person he knew to be a peace officer attempting to lawfully arrest or detain him. As alleged, the offense was a third degree felony because the grand jury alleged that Appellant had a previous conviction for evading arrest or detention and because he used a vehicle in his flight.[2] The grand jury also alleged that Appellant had a previous conviction for the felony offense of aggravated robbery.

Appellant pleaded not guilty to the offense, but he waived his right to trial by jury for the

---

[1] *See* TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2010).

[2] *See id*. § 38.04(b)(2)(A) (Vernon Supp. 2010).

1

sentencing phase of the trial. The trial court instructed the jury to find Appellant guilty if it found, beyond a reasonable doubt, that Appellant fled from a specific peace officer while using a vehicle and while knowing that the officer was attempting to lawfully arrest or detain him. The jury found Appellant guilty.

During the sentencing phase of the trial, the State presented evidence that Appellant had a prior conviction for evading arrest or detention and that he had a prior conviction for aggravated robbery, each as alleged in the indictment. The trial court found those allegations to be true, found Appellant guilty of a second degree[3] felony, and assessed a sentence of imprisonment for fifteen years. This appeal followed.

## PROOF OF ELEMENTS OF OFFENSE

In his first and second issues, Appellant argues that the sentence in this case is illegal and there was no evidence submitted during the guilt/innocence phase of the trial showing that he had a prior conviction for evading arrest or detention. Appellant argues that it was error for him to be sentenced for a second degree felony because he was convicted of a state jail felony which, enhanced by proof of a prior aggravated robbery conviction, is a third degree felony. *See* TEX. PENAL CODE ANN. § 12.35(c)(2) (Vernon Supp. 2010).[4]

This case is very similar to ***Calton v. State***, 176 S.W.3d 231 (Tex. Crim. App. 2005). In that case, as here, the State did not introduce evidence of a prior conviction for evading arrest or detention during the guilt/innocence phase of the trial but did introduce that evidence at the punishment hearing. ***Id***. at 233. The court in ***Calton*** held that proof of a prior conviction for evading arrest or detention was an element of the third degree felony offense. ***Id***. at 234. As such, it was necessary to prove the prior offense during the guilt/innocence phase of the trial. ***Id***. at 236.[5]

---

[3] A third degree offense can be enhanced to a second degree felony upon proof that the defendant has a prior conviction for a felony offense. *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2010).

[4] This enhancement depends on the underlying previous conviction being one of several enumerated offenses. *See* TEX. PENAL CODE ANN. § 12.35(c)(2). The pen packet offered by the State contains a judgment that shows Appellant was convicted of aggravated robbery, although the code section handwritten on the judgment is for the offense of robbery.

[5] In response to one of the State's arguments, the court noted that "[i]f the Legislature believes that our result today prejudices defendants, it may remedy the problem by revising the language of its statute." ***Calton***, 176

In this case, there was no evidence of a prior conviction in the guilt/innocence phase of the trial. The trial court instructed the jury on the offense as a state jail felony because the definition provided included the element of a vehicle but did not include the element of a prior conviction for evading arrest. *See* TEX. PENAL CODE ANN. § 38.04(b)(1)(B) (Vernon Supp. 2010). Therefore, the evidence is insufficient to support a conviction based on a third degree felony offense of evading arrest. *See **Jackson v. Virginia***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979) (No rational juror could, or indeed did, find that Appellant had a previous conviction for evading arrest or detention.); ***Calton***, 176 S.W.3d at 234 ("The plain language of § 38.04 reveals that a prior conviction for evading arrest is an element of the offense of third-degree evading arrest. It, therefore, must be proved at the guilt phase of trial."). The State concedes, based on the ***Calton*** decision and Appellant's arguments, that "harmful reversible error occurred" and joins Appellant's request for a new sentencing hearing. Accordingly, we sustain Appellant's first and second issues.

### DISPOSITION

We ***reverse*** Appellant's conviction for a second degree felony offense and ***remand*** for a new sentencing hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2010).

**SAM GRIFFITH**
Justice

Opinion delivered May 18, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

S.W.3d at 236. The legislature has revised the statute in the intervening years. In 2009, the legislature raised the baseline offense from a Class B offense to a Class A offense and reorganized the statute, but did not change the language held by the court of criminal appeals to make the prior conviction an element of the third degree felony. *See* Act of May 27, 2009, 81st Leg, R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4386.