MARY'S OPINION HEADING 








NO. 12-10-00164-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

RODNEY JACKSON,                                   §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

Rodney
Jackson appeals from his conviction for evading arrest or detention.  In two
issues, Appellant argues that the sentence imposed is illegal and that the
evidence is legally insufficient to support his conviction.  The State concedes
error.  We reverse and remand for a new sentencing hearing.  

 

Background

A
Smith County grand jury indicted Appellant for the offense of evading arrest or
detention.[1]  The indictment alleged that
Appellant intentionally fled from a person he knew to be a peace officer attempting
to lawfully arrest or detain him.  As alleged, the offense was a third degree
felony because the grand jury alleged that Appellant had a previous conviction
for evading arrest or detention and because he used a vehicle in his flight.[2] 
The grand jury also alleged that Appellant had a previous conviction for the
felony offense of aggravated robbery.

Appellant
pleaded not guilty to the offense, but he waived his right to trial by jury for
the sentencing phase of the trial.  The trial court instructed the jury to find
Appellant guilty if it found, beyond a reasonable doubt, that Appellant fled
from a specific peace officer while using a vehicle and while knowing that the
officer was attempting to lawfully arrest or detain him.  The jury found
Appellant guilty.  

During
the sentencing phase of the trial, the State presented evidence that Appellant
had a prior conviction for evading arrest or detention and that he had a prior
conviction for aggravated robbery, each as alleged in the indictment.  The
trial court found those allegations to be true, found Appellant guilty of a
second degree[3] felony, and
assessed a sentence of imprisonment for fifteen years.  This appeal followed. 

 

Proof of Elements of Offense

In
his first and second issues, Appellant argues that the sentence in this case is
illegal and there was no evidence submitted during the guilt/innocence phase of
the trial showing that he had a prior conviction for evading arrest or
detention.  Appellant argues that it was error for him to be sentenced for a
second degree felony because he was convicted of a state jail felony which,
enhanced by proof of a prior aggravated robbery conviction, is a third degree
felony. See Tex. Penal Code Ann.
§ 12.35(c)(2) (Vernon Supp. 2010).[4]

This
case is very similar to Calton v. State, 176 S.W.3d 231 (Tex.
Crim. App. 2005).  In that case, as here, the State did not introduce evidence
of a prior conviction for evading arrest or detention during the
guilt/innocence phase of the trial but did introduce that evidence at the
punishment hearing.  Id. at 233.  The court in Calton
held that proof of a prior conviction for evading arrest or detention was an
element of the third degree felony offense.  Id. at 234.  As
such, it was necessary to prove the prior offense during the guilt/innocence
phase of the trial.  Id. at 236.[5]

In
this case, there was no evidence of a prior conviction in the guilt/innocence
phase of the trial.  The trial court instructed the jury on the offense as a
state jail felony because the definition provided included the element of a
vehicle but did not include the element of a prior conviction for evading
arrest.  See Tex. Penal Code Ann.
§ 38.04(b)(1)(B) (Vernon Supp. 2010).  Therefore, the evidence is insufficient
to support a conviction based on a third degree felony offense of evading
arrest.  See Jackson v. Virginia, 443 U.S. 307,
315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979) (No rational juror
could, or indeed did, find that Appellant had a previous conviction for evading
arrest or detention.); Calton, 176 S.W.3d at 234 (“The plain
language of § 38.04 reveals that a prior conviction for evading arrest is an
element of the offense of third-degree evading arrest. It, therefore, must be
proved at the guilt phase of trial.”).  The State concedes, based on the Calton
decision and Appellant’s arguments, that “harmful reversible error
occurred” and joins Appellant’s request for a new sentencing hearing. 
Accordingly, we sustain Appellant’s first and second issues.

 

Disposition

We
reverse Appellant’s conviction for a second degree felony offense
and remand for a new sentencing hearing.  See Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2010).

 

 

                                                                                                Sam Griffith   

                                                                                                  
      Justice

 

 

Opinion delivered May 18, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 38.04 (Vernon
Supp. 2010). 

 





[2] See id. § 38.04(b)(2)(A)
(Vernon Supp. 2010).

 





[3] A third degree offense can be
enhanced to a second degree felony upon proof that the defendant has a prior
conviction for a felony offense.  See Tex.
Penal Code Ann. § 12.42(a)(3)  (Vernon Supp. 2010).  

 





[4] This enhancement depends on the
underlying previous conviction being one of several enumerated offenses.  See
Tex. Penal Code Ann. §
12.35(c)(2).  The pen packet offered by the State contains a judgment that
shows Appellant was
convicted of aggravated robbery, although the code section handwritten on the
judgment is for the offense of robbery.

 





[5] In response to one of the State’s
arguments, the court noted that “[i]f the Legislature believes that our result
today prejudices defendants, it may remedy the problem by revising the language
of its statute.”  Calton, 176 S.W.3d at 236.  The legislature has
revised the statute in the intervening years.  In 2009, the legislature raised
the baseline offense from a Class B offense to a Class A offense and
reorganized the statute, but did not change the language held by the court of
criminal appeals to make the prior conviction an element of the third degree
felony.  See Act of May 27, 2009, 81st Leg, R.S., ch. 1400, § 4, 2009
Tex. Gen. Laws 4385, 4386.