

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| MICHAEL LECK TURNER A/K/A | | No. 08-11-00318-CR |
| MICHA LEEK TURNER A/K/A | § | |
| MICHA LECK TURNER, | | Appeal from |
| | § | |
| Appellant, | | 43rd District Court |
| | § | |
| v. | | of Parker County, Texas |
| | § | |
| THE STATE OF TEXAS, | | (TC # CR10-0844) |
| | § | |
| Appellee. | | |
| | § | |

## **O P I N I O N**

Michael Leck Turner a/k/a Micha Leek Turner a/k/a Micha Leck Turner, appeals from a felony conviction for evading arrest or detention with a motor vehicle with two prior convictions for the same offense. For the following reasons, we affirm.

### **FACTUAL SUMMARY**

On August 30, 2010, between 9:30 and 10 a.m., Patricia Grace heard a knock at her door. She went to the front bedroom and looked out a window. She saw an unfamiliar woman at her door and a truck parked at the street. The truck was an older model white Dodge Dakota with the word "Dakota" written across the door. A man sat inside the truck wearing glasses and a baseball cap.

Mrs. Grace was home alone and not expecting company, so she did not answer the door.

The woman staggered across her yard, walked to the truck, and got into the passenger side. The truck then "pulled up a little." At that point, Mrs. Grace went through her house making sure all of her doors were locked. As she opened the door between her utility room and her garage, she realized the garage door was opening. She hit the button to close the door. She made sure the garage door closed and then waited for a short time to see that the door did not open again. Mrs. Grace went back inside the house, locked the door, and called the police to report the incident.

The following day between 4:30 and 5 p.m. the same woman knocked on the front door. Mrs. Grace saw the same white truck in front of her house. She instantly recognized the truck and the man in the driver's seat. Mrs. Grace then yelled for her husband and he called 9-1-1.

Police Officer Tracey Cryer was dispatched to the Grace's home. At the time, he was in uniform and driving a marked patrol car. As he approached the location, he observed a white pickup truck--matching the description--driving toward him. Officer Cryer pulled up so that the vehicles were facing opposite directions and driver's door to driver's door. He rolled down his window ordered the driver of the truck, later identified as Appellant, to stay put. The officer testified that his lights were activated during this initial encounter. Officer Cryer then made a three point turn so that he would be behind Appellant's truck and facing the same direction. Before he had completed his turn, Appellant had driven off.

Officer Cryer completed his turn and pursued Appellant, who was traveling at approximately 89 miles per hour. Appellant sped through an intersection and nearly t-boned another vehicle, but he was able to slam on his brakes and avoid an accident. Officer Cryer then caught up so he was right on Appellant's bumper with his lights flashing and his siren activated. Appellant stopped, pulled over, and surrendered peacefully. Mrs. Grace's garage door opener

and a GPS device which she kept in her vehicle parked outside her home were both recovered from Appellant's car.

## PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of evading arrest or detention. The indictment also contained two enhancement paragraphs alleging prior convictions for the same offense. Appellant pled not guilty to the offense charged. Prior to trial, the parties stipulated that Appellant was the same person who was previously convicted in two evading arrest/detention with a vehicle cases, as alleged in the enhancement paragraphs of the indictment.

After hearing all of the evidence, the jury found Appellant guilty of the offense as charged. It also rendered an affirmative finding with respect to Appellant's use of a deadly weapon (a motor vehicle) during the commission of the offense. The jury then sentenced Appellant to serve twenty years in the Texas Department of Criminal Justice-Institutional Division and to pay $10,000 fine.

## SUFFICIENCY OF THE EVIDENCE

In three issues on appeal, Appellant contends the evidence is insufficient to prove beyond a reasonable doubt that he evaded arrest or detention with a motor vehicle. In Issues One and Two, he challenges the legal and factual sufficiency of the evidence to support the jury's finding that he intended to evade arrest or detention. In Issue Three, Appellant argues that the court committed reversible error by submitting a special instruction to the jury on the use of a deadly weapon. As presented, the third point of error is likewise a challenge to the sufficiency of the evidence.

### *Standard of Review*

We no longer recognize a separate factual sufficiency standard of review in criminal

cases. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Instead, the legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95. Under the *Jackson* standard, we must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the trier of fact's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. In conducting our review we must give deference to the trier of facts determinations regarding the weight and credibility of witness testimony as the trier of fact is the sole judge as to the weight and credibility of such testimony. *See Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the trier of fact resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the trier of fact reached a rational verdict. *Id*. We may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

### *Applicable Law*

A person commits the offense of evading arrest or detention, "if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX.PEN.CODE ANN. § 38.04(a)(West Supp. 2012). The statute further provides that:

> (b) An offense under this section is a Class A misdemeanor, except that the offense is:
>
> .    .    .
>
> (2) a felony of the third degree if:
>
> (A) the actor uses a motor vehicle . . . while the actor is in

flight and the actor has not been previously convicted under this section . . . .

TEX.PEN.CODE ANN. § 38.04(b)(2)(A)(West 2011). In other words, the statute provides that the third-degree offense of evading arrest is committed when a person (1) intentionally; (2) flees; (3) from a person; (4) he knows is a peace officer; (5) the peace officer is attempting to lawfully arrest or detain the actor; (6) the actor uses a vehicle while in flight; and (7) the actor has been previously convicted of evading arrest. *Calton v. State*, 176 S.W.3d 231, 234 (Tex.Crim.App. 2005). Here, Appellant was charged and convicted of the third degree felony offense of evading arrest or detention with a motor vehicle.[1]

### *Intent to Evade Arrest or Detention*

In his first two points of error, Appellant challenges the sufficiency of the evidence to show he intended to evade arrest or detention. This argument is predicated on Appellant's contention that there was no evidence that he heard or otherwise acknowledged Officer Cryer's initial verbal instruction to "stay put."

Officer Cryer testified that he asked Appellant a few questions when he pulled up to the driver's side of the truck, including what Appellant was doing in the area and where he was from. This testimony suggests that Appellant heard the officer because Appellant answered the questions. During this initial encounter, the officer instructed Appellant "to stop, and not to move from that spot," while the officer turned his vehicle around. He described his statements as a direct command for Appellant to stay put because he was being detained.

Based on this evidence, a rationale jury could have concluded Appellant knew Officer Cryer was a police officer who was trying to detain him and Appellant fled instead of following the officer's orders. In fact, Appellant does not argue that Officer Cryer's testimony, if believed,

---

[1] The parties stipulated as to Appellant's prior convictions for the same offense and the jury found the enhancement paragraph to be true as well.

is insufficient to show Appellant was being detained; he argues that despite Officer Cryer's testimony, "It is unknown [if] Appellant heard the officer or acknowledged the instruction." This argument disregards the jury's province to determine the weight and credibility to give witness testimony. Here, the jury was free to believe all, some, or none of Officer Cryer's testimony. Moreover, Officer Cryer also testified that after handcuffing Appellant, he asked him why he ran, and Appellant replied that "he had traffic warrants." A rationale jury could have viewed his statement as an admission that he did in fact intend to flee. *See Washington v. State*, 326 S.W.3d 302, 310 (Tex.App.--Fort Worth 2010, pet. ref'd). Viewing all evidence in the light most favorable to the jury's verdict, we find sufficient evidence to prove beyond a reasonable doubt that Appellant knew a police officer was detaining him and fled from that officer. Appellant's first two issues are overruled.

### *Deadly Weapon*

The jury not only convicted Appellant of evading arrest or detention with a motor vehicle, but, in response to a special issue, found that Appellant used or exhibited the motor vehicle as a deadly weapon during the commission of the offense. In his third and final issue on appeal, Appellant suggests that the trial court committed reversible error by submitting a special issue to the jury on a deadly weapon finding because there was no evidence he used his vehicle as a deadly weapon. According to Appellant, "The only offense committed by Appellant, if in fact any offense at all, would be speeding over the posted speed limit," which Appellant asserts is not sufficient to show he used his vehicle in a manner intended to cause serious injury or death to any person.

The Texas Penal Code defines a "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN.

§ 1.07(a)(17)(B)(West Supp. 2012). To determine whether sufficient evidence exists to support a deadly weapon finding in cases involving motor vehicles, we conduct a two-part analysis. *Hilburn v. State*, 312 S.W.3d 169, 177 (Tex.App.--Fort Worth 2010, no pet.), *citing Sierra v. State*, 280 S.W.3d 250, 255 (Tex.Crim.App. 2009). First, we evaluate the manner in which the defendant used the motor vehicle during the felony. *Sierra*, 280 S.W.3d at 255. We then "consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury." *Id.* We look to several factors in determining whether the defendant's driving was reckless or dangerous: intoxication, speeding, disregard of traffic signs and signals, erratic driving, and failure to control the vehicle. *Sierra*, 280 S.W.3d at 255–56. It is not required that the actor intend to use the vehicle as a deadly weapon. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). However, the manner of use of the vehicle must pose an actual, not hypothetical, danger to others. *Id*. at 799.

Officer Cryer testified that he observed Appellant traveling at a speed of 89 miles per hour and passing several vehicles along the way. He witnessed Appellant swerve from the left lane into the right lane, cutting off a large "water truck, a semi truck." Appellant then drove threw a red light at an intersection and nearly collided with a car heading in the opposite direction. Appellant slammed on his brakes and avoided a collision. Cryer testified that he "was expecting to see a fatality or a major accident."

Viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have determined beyond a reasonable doubt that Appellant used his vehicle in a manner capable of causing death or serious bodily injury. *See* TEX.PENAL CODE ANN. § 1.07(a)(17); *Sierra*, 280 S.W.3d at 256; *see also Drichas*, 175 S.W.3d at 799 (stating that "a deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another

motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner"); *Davis v. State*, No. 07-04-0104-CR, 2005 WL 3115286, at \*3-4 (Tex.App.--Amarillo Nov. 22, 2005, pet. ref'd)(mem. op.)(not designated for publication) (holding that evidence of appellant's ignoring a stop sign and driving through an intersection without stopping, driving through a residential area at speeds up to 60 miles per hour, and continuously ignoring the patrol car's emergency lights was legally sufficient evidence to support the finding that he used his vehicle as a deadly weapon). Accordingly, the evidence was legally sufficient to support the jury's deadly weapon finding. We overrule Issue Three and affirm the trial court's judgment.

October 2, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)