PD-0398-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/5/2018 1:18 PM
Accepted 3/7/2018 11:46 AM
DEANA WILLIAMSON
CLERK

No. PD-0398-17

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

| | |
|---|---|
| JOSE OLIVA, | Appellant |
| v. | |
| THE STATE OF TEXAS, | Appellee |

Appeal from Harris County

\* \* \* \* \*

## STATE PROSECUTING ATTORNEY'S
## SUBSEQUENT POST-SUBMISSION AMICUS BRIEF
## IN RESPONSE TO AMICI NCDD, DUIDLA, DCCDLA

\* \* \* \* \*

STACEY M. SOULE
State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

**Cases**

*Calton v. State*, 176 S.W.3d 231 (Tex. Crim. App. 2005) (en banc). . . . . . . . . . 2-3

*Chase v. State*, 448 S.W.3d 6 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

TEX. CODE CRIM. PROC. art. 4.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. ELEC. CODE § 86.006(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

TEX. ELEC. CODE § 86.006(g), (g-1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. ELEC. CODE § 86.006(g-1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. ELEC. CODE § 86.010(g), (i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. ELEC. CODE § 86.010(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. PENAL CODE § 49.09(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. TRANSP. CODE § 547.614(a-1), (a-2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. TRANSP. CODE § 547.614(b), (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Rule**

TEX. R. APP. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 n.1

No. PD-0398-17

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


JOSE OLIVA,                                                                    Appellant

v.

THE STATE OF TEXAS,                                              Appellee


Appeal from Harris County


\* \* \* \* \*

**STATE PROSECUTING ATTORNEY'S
SUBSEQUENT POST-SUBMISSION AMICUS BRIEF[1]
IN RESPONSE TO AMICI NCDD, DUIDLA, DCCDLA**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney submits this subsequent post-submission

amicus brief in response to Amicus Curiae the National College for DUI Defense

(NCDD), the DUI Defense Lawyer Association (DUIDLA), the Dallas Criminal

---

[1] As the State Prosecuting Attorney, there is no fee attached to this filing. TEX. R. APP. P. 11.

Defense Lawyer Association (DCDLA), and the Denton County Criminal Defense Lawyer Association (DCCDLA).

## ARGUMENT

Pointing to the State Prosecuting Attorney's list of offenses using the phrase "if it shown on the trial of the offense," Amici claim,

> The list can be broken down into three categories of statutes: (1) statutes where the fact that must be proven is jurisdictional [e.g. Tex. Transp. Code 521.457, Tex. Transp. Code 545.420, Tex. Transp. Code 644.151, Tex. Fam. Code 261.109], (2) statutes where the dollar amount in controversy determines the jurisdiction of the court and the punishment range for the offense [e.g. Tex. Gov't Code 466.306, Tex. Gov't Code 466.307, Tex. Gov't Code 466.308, Tex. Nat. Res. Code 151.052, Tex. Penal Code 33.023], and (3) statutes where an otherwise-non-criminal act is a fact of consequence providing for a higher punishment [e.g. Tex. Penal Code 15.031, Tex. Penal Code 20.05, Tex. Penal Code 32.31, Tex. Penal Code 15.031, Tex. Penal Code 35A.02].
>
> Notably absent is any other statute where a prior non-jurisdictional criminal offense is treated as an element of the greater offense. Not a single offense listed by the State makes a prior conviction an element of the offense unless the conviction effects **both** the jurisdiction of the court **and** the punishment range of the offense.

Amicus Brief of NCDD, DUIDLA, DCCDLA, at 17-18 (emphasis in original).

This is incorrect. All those weighing in on the issue concede that *Calton v. State* recognized the following guiding principle: "whether something is an element of an offense is a completely separate inquiry from whether it is jurisdictionally required. We have made clear that jurisdiction is not an element of an offense." 176

S.W.3d 231, 234-35 (Tex. Crim. App. 2005) (en banc). In line with this, *Calton*'s interpretation of the phrase "if it is shown at the trial" in the "Evading Arrest or Detention" statute supports the State Prosecuting Attorney's argument. *Id*. There, jurisdiction vested with the district court due to Calton's use of a vehicle during the commission of the offense; his prior conviction was not a "jurisdictional element." *Id*.

Additionally, Amici's distinction between offenses with (1) a jurisdictional requirement <u>and</u> a fact to be proven or a threshold value element and (2) jurisdiction <u>and</u> a prior offense element, is inconsequential. *See* Amicus Brief of NCDD, DUIDLA, DCCDLA, at 17-18. In *Calton*, this Court plainly recognized examples of offense-enhancing statutes that are non-jurisdictional and value-based or fact-dependent. The property-value-ladder for "Theft," the Court explained, is not a jurisdictional requirement because jurisdiction vests when there is an allegation that the property reaches a certain threshold amount; the value of the property is then an element of the offense. 176 S.W.3d at 235. Next, the Court pointed out that commission by a "public servant" is an element for first-degree "Aggravated Assault." *Id*. But the "public servant" element is not a jurisdictional requirement, however, because jurisdiction lies with the district court regardless of whether a "public servant" was involved. *Id*.

3

Even if Amici's distinction were a key point, criminal statutes with a non-jurisdictional prior offense enhancing element do exist (in addition to Evading Arrest or Detention). *Id.* at 234-35. The offense "Restrictions on Airbags" provides, in part:

> (b) Except as provided by Subsections (c), (d), and (e), an offense under this section is a state jail felony.
> (c) An offense under this section is a felony of the third degree if it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this section.

TEX. TRANSP. CODE § 547.614(b), (c). A district court's jurisdiction does not need to be invoked for a primary offense under TEX. TRANSP. CODE § 547.614(a-1), (a-2) to be elevated to a third degree felony with a prior conviction under the same provision. *See* TEX. CODE CRIM. PROC. art. 4.05 ("District courts and criminal district court shall have original jurisdiction in criminal cases of the grade felony").

The Election Code provides two more examples. Consider the offense of "Unlawfully Assisting Voter Voting Ballot By Mail." TEX. ELEC. CODE § 86.010(g), (i). An offense under that provision is a state jail felony and is "increased to the next higher grade of offense if it is shown on the trial of an offense that: (1) the defendant was previously convicted of an offense under this code." TEX. ELEC. CODE § 86.010(i)(1). The offense of "Method of Returning Marked Ballot" shares this feature as well, though the statute presents a more complicated scheme. TEX. ELEC. CODE § 86.006(g), (g-1). Subsection (g), states: "An offense under Subsection (f) is

4

a Class A misdemeanor unless the defendant possessed the ballot or carrier envelope without the request of the voter, in which case it is a felony of the third degree." TEX. ELEC. CODE § 86.006(g). Subsection (g-1), effective December 31, 2017, provides: "An offense under Subsection (g) is increased to the next higher category of offense if it is shown on the trial of an offense under this section that: (1) the defendant was previously convicted of an offense under this code." TEX. ELEC. CODE § 86.006(g-1). So a third-degree enhanced to a second-degree is non-jurisdictional.

As the foregoing statutes demonstrate, a Class B misdemeanor DWI would not be the only offense where a prior conviction is an offense element that does not affect jurisdiction. The State Prosecuting Attorney's statement that the "phrase 'shown on the trial of an offense' when paired with language directed at offense classification has acquired a technical meaning apart from punishment enhancement"[2] has not been undermined in any way. Thus, Amici's arguments under state law (the only law applicable) have been proven to be unpersuasive. *See Chase v. State*, 448 S.W.3d 6, 17-18 (Tex. Crim. App. 2014) (applicability of defensive issue to a single criminal provision (TEX. PARKS & WILDLIFE CODE § 43.002) a reason to reject the State's argument that TEX. PARKS & WILDLIFE CODE § 822.013 is purely a civil statute and not applicable to the Penal Code offense of "Cruelty to Non-Livestock Animals").

---

[2] State Prosecuting Attorney's Post-Submission Amicus Brief, at 7.

**PRAYER FOR RELIEF**

Again, the State Prosecuting Attorney prays that this Court hold that TEX. PENAL CODE § 49.09(a) is a habitual offense enhancer that, by statute in a bifurcated proceeding, must be proven to be the defendant's beyond a reasonable doubt. Further, it is urged that the Court hold that the statutory error here, relating to only timing, not sufficiency, be declared harmless because the prior was established during punishment.

Respectfully submitted,

*/s/ Stacey M. Soule*
State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 1,071 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ Stacey M. Soule
State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State Prosecuting Attorney's

Subsequent Post-Submission Amicus Brief in Response to Amici NCDD, DUIDLA,

DCCDLA has been served on March 5, 2018, *via* email or certified electronic to:


Hon. Patricia McLean
1202 Franklin
Suite 600
Houston, Texas 77002
mclean_patricia@dao.hctx.net

Hon. Ted Wood
1201 Franklin
13th Floor
Houston, Texas 77002
ted.wood@pdo.hctx.net

Hon. J. Edward Niehaus
207 W. Hickory Street,
Suite 309
Denton, Texas 76201
jason@bndlegal.com


/s/ Stacey M. Soule
State Prosecuting Attorney