ACCEPTED
03-14-00530-CR
6481919
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/13/2015 12:05:25 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00530-CR

# IN THE COURT OF APPEALS
## THIRD DISTRICT
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/13/2015 12:05:25 PM
JEFFREY D. KYLE
Clerk

## GRAHAM SONNENBERG, APPELLANT

### vs.

## THE STATE OF TEXAS, APPELLEE

APPEAL FROM THE 427TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D-1-DC-14-904026
HONORABLE JUDGE CORONADO, PRESIDING

## STATE'S BRIEF

ROSEMARY LEHMBERG
DISTRICT ATTORNEY
TRAVIS COUNTY, TEXAS

M. SCOTT TALIAFERRO
TEXAS BAR NO. 00785584
ASSISTANT DISTRICT ATTORNEY
DIRECTOR, APPELLATE DIVISION
DISTRICT ATTORNEY'S OFFICE
P.O. BOX 1748
AUSTIN, TEXAS 78767
PHONE: 512.854.3626   FAX: 512.854.4810
EMAIL:  scott.taliaferro@traviscountytx.gov
        AND AppellateTCDA@traviscountytx.gov

## THE STATE DOES NOT REQUEST ORAL ARGUMENT

# TABLE OF CONTENTS

INDEX OF AUTHORTIES……………………………………………….....ii

STATEMENT OF THE CASE……………………………………….……2

STATEMENT REGARDING ORAL ARGUMENT..……………………....2

STATEMENT OF FACTS…………………………………………………3

NATURE OF THE APPEAL……...………………………………………5

SUMMARY OF THE ARGUMENTS………………………………….....6

ONE POTENTIALLY MERITORIOUS ARGUMENT APPEARS TO EXIST………………………………………………………………...10

REPLY TO THE FIRST ARGUABLE POINT OF ERROR……………...…12

REPLY TO THE SECOND ARGUABLE POINT OF ERROR……….……14

REPLY TO THE THIRD ARGUABLE POINT OF ERROR…………………17

REPLY TO THE FOURTH ARGUABLE POINT OF ERROR………………19

REPLY TO THE FIFTH ARGUABLE POINT OF ERROR……………...…22

PRAYER……………………………………………………………23

CERTIFICATE OF COMPLIANCE…………………………………...24

CERTIFICATE OF SERVICE……………………………………………24

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ...5, 10

*Bigon v. State*, 252 S.W.3d 360 (Tex. Crim. App. 2008)……..………………..…12

*Blockburger v. United States*, 284 U.S. 299 (1932)……..……..………..…….....12

*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963)…….....…………………20

*Brewer v. State*, 370 S.W.3d 471 (Tex. App.—Amarillo 2012, no pet.)………..18

*Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978) …………..…..11

*Calton v. State*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005) ………………….15

*Dixon v. State*, 244 S.W.3d 472 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) …………………………………………………………………………… 17, 18

*Ellison v. State*, 201 S.W.3d 714 (Tex. Crim. App. 2006) ……..………..……..…17

*Ex parte Benson*, 459 S.W.3d 67 (Tex. Crim. App. 2015) ……..……..………....13

*Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008) ……..……..……..…20

*French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992) ……..……..……....11

*Gant v. State*, 606 S.W.2d 867 (Tex. Crim. App. 1980). ……..………...…..…….15

*Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009) ……..………...….…….22

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) ……..………..……....6

*Jessop v. State*, 368 S.W.3d 653 (Tex. App.—Austin 2012, no pet.) …………...18

*Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555 (1995) ……..……..………….....20

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991) ……..................15, 17

*Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011)…………………………20

*Russeau v. State*, 171 S.W.3d 871 (Tex. Crim. App. 2005) ……..……..……....20

*Scugoza v. State*, 949 S.W.2d 360 (Tex. App.—San Antonio 1997, no pet.)……18

*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009) ……..……..…………22

*Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936 (1999). ……..……..………..20

**Statutes**

Tex. Penal Code § 22.01…….…...……...……...……...……...……...……...………15

**Rules**

Tex. R. App. P. 43.2(b) …...……...……...……...……...……...……...……...…....11

Tex. R. Evid. 403 …….…...……...……...……...……...……...……...………15

Tex. R. Evid. 702 …….…...……...……...……...……...……...……...……...…....18

No. 03-14-00530-CR

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

GRAHAM SONNENBERG,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

APPEAL FROM THE 427TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D-1-DC-14-904-026
HONORABLE JUDGE CORONADO, PRESIDING

STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

The State of Texas, by and through the District Attorney for Travis County,

respectfully submits this brief in response to that of the appellant's attorney.

1

## STATEMENT OF THE CASE

In Cause Number D-D1-DC-14-904026, the appellant was charged by indictment with the felony offenses of Aggravated Assault with a Deadly Weapon (Count I) and Assault by Strangulation Enhanced (Count II). 1 CR 9. On August 11, 2014, a jury was sworn and a trial on the merits commenced. 3 RR 194. On August 13, the jury found the appellant guilty of both offenses. 5 RR 220; 1 CR 118-19. On August 14, the jury assessed the appellant's punishment at 16 years in prison for Count I and 20 years in prison for Count II. 6 RR 218. On August 15, 2014, the trial court imposed those sentences, which run concurrently. 7 RR 5-7.

On August 15, 2014, the trial court certified that the appellant has the right to appeal. CR 125. That same day, a notice to appeal was filed along with a motion for new trial. CR 132, 129-131. On September 12, the appellant filed a first amended motion for new trial and request for evidentiary hearing. CR 164-173. By written order dated September 25, 2014, the trial court denied the request for a hearing and denied the motion for new trial. CR 185.

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues, facts, legal authorities, and arguments pertinent to the instant appeal are adequately addressed in the briefs submitted by the parties, the State respectfully asserts that the Court's decisional process would not be

2

significantly aided by oral arguments.  Accordingly, the State does not request oral argument.

STATEMENT OF FACTS

On October 29, 2012, Alexis Manley was in her pajamas trying to sleep when she heard a banging on the front door of her apartment.  4 RR 9.  She opened the door to find the man she had been dating on-and-off for seven months, Graham Sonnenberg, the appellant.  4 RR 9.  While Ms. Manley's memory was "splotchy" from that night as she was in and out of consciousness, she testified to a range of assaultive behavior by the appellant.  4 RR 10.  He slapped her.  4 RR 14.  He punched her.  4 RR 15.  He kicked her and stood on her throat.  4 RR 10.  His cowboy boots dug into her neck painfully until she thought he was going to kill her.  4 RR 14-15.  Sometime that night, his hands also grasped at her neck while he delivered verbal death threats.  4 RR 16.  He held her face-down and ripped out her hair extensions.  4 RR 11.  She tried to escape multiple times but he grabbed at her hair and clothing to prevent her from running.  4 RR 13.  To protect herself, she held her arm over her head.  4 RR 16-17.  She suffered a defensive break in her arm as a result.  4 RR 17.  She also sustained a busted lip, swelling around her eyes, red marks across her face, and blood in her eyes.  4 RR 36.  She still has a scar from a bite he made to her left arm.  4 RR 39.  She also lost her contact lenses

3

during the incident. 4 RR 15. Ms. Manley seized the opportunity to escape while the appellant used the bathroom, running out the door without her car keys or purse. 4 RR 18.

Around the time of these events, Shauna Fitzsimmons was awakened from sleep in her apartment by a scream from an unknown person. 3 RR 208. She resided in the 2600 Lake Austin Boulevard apartments, the same complex as Ms. Manley. *Id.* She immediately looked out her window, where she saw a woman on the ground about six feet from her apartment. 3 RR 208-09. As she watched, the woman stood up, pulled up her pants, and limped away. 3 RR 209. Seeing the woman and having heard the scream, Ms. Fitzsimmons called 911. 3 RR 209. She could not identify whether the person that screamed was male or female. 3 RR 213. She also could not identify the woman in front of her window. 3 RR 215. Another resident of the complex, Nicholas Phelps, was also awakened by screams. 3 RR 220. Unlike Ms. Fitzsimmons, Mr. Phelps did not see anybody when he looked out his windows. 3 RR 220. Nevertheless, prompted by repeated cries for help, he, too, called 911. 3 RR 219.

Unable to get up the stairs to her friend's apartment, Ms. Manley knocked on a neighbor's door below. 4 RR 20. The neighbors directed her to the front gate to meet the police. 4 RR 20. There, she spoke to the police. 4 RR 20. The police had been called to the 2600 Lake Austin Boulevard apartment complex where Ms.

Manley lived. 4 RR 120. Departing from Ms. Manley, the police went to Ms.

Manley's apartment to confront the appellant. 4 RR 121. The appellant answered

the door naked and bleeding from his head. 4 RR 123. According to Ms. Manley,

it was his habit to sleep in the nude. 4 RR 75.

Ms. Manley initially refused EMS transport, fearful of going to the hospital

alone. 4 RR 21. But, vomiting, exhaustion, and pain led her to accepting EMS

transport later in the evening. 4 RR 22. The appellant also sustained injuries but

Ms. Manley was unable to recall how she injured him. 4 RR 74. At the hospital,

he received stitches in his ear. 4 RR 171.

## NATURE OF THE APPEAL

Asserting his professional opinion that the instant appeal is frivolous and

without merit, the appellant's counsel has filed a motion to withdraw and a brief

pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493

(1967). The Court of Criminal Appeals has provided the following summary of

the process that must be undertaken by an appellate court after the filing of an

*Anders* brief:

> Although the defense attorney is required to *file* a motion to withdraw
> at the same time that he files an *Anders* brief, the court of appeals will
> not *grant* that motion until:
>
> > (1) the attorney has sent a copy of his *Anders* brief to his client
> > along with a letter explaining that the defendant has the right to

5

file a pro se brief within thirty days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

(2) the attorney has informed the court of appeals that he has performed the above duties;

(3) the defendant has had time in which to file a pro se response; and

(4) the court of appeals has itself reviewed the record, the *Anders* brief, and any pro se brief.

After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal. If the court of appeals decides that there are any colorable claims for appeal, it will: (1) grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief.

*In re Schulman*, 252 S.W.3d 403, 408-09 (Tex. Crim. App. 2008) (emphasis in original, footnotes omitted).

## SUMMARY OF THE ARGUMENTS

The appellant's counsel lays out five arguable errors and concludes that all five of those potential claims lack merit. However, it appears to the undersigned counsel that there is another potential error warranting appellate review. Specifically, the trial court's judgment incorrectly identified appellant's conviction as one arising under Texas Penal Code 22.02(b)(1), a first degree felony. To

6

violate that provision, a person must, among other things, cause serious bodily injury. In the instant case, serious bodily injury was neither alleged nor proved. Instead, the appellant's Aggravated Assault conviction was predicated upon his use or exhibition of a deadly weapon. The trial court's judgment correctly reflects that the appellant was convicted of a second degree felony. Section 22.02(b)(1) simply does not apply.

If this Court determines that the judgment is erroneous and that the Court has the information needed to correct it, the Court should reform the judgment. Alternatively, if the Court concludes that this is a potentially meritorious claim for which additional briefing is warranted, the Court should grant the appellant's attorney's motion to withdraw, abate this appeal, and remand the case back to the trial court, for a new attorney to be appointed with directions to file a merits brief.

The appellant's counsel also noted five other arguable errors, which appellant's counsel and the undersigned counsel agree merit no appeal. The first arguable error identified by the appellant's counsel addressed a claim of double jeopardy arising from the appellant's convictions for Aggravated Assault and Assault Strangulation Enhanced. A defendant may properly be convicted of two offenses arising from the same events if each offense requires proof that the other does not. In this case, Aggravated Assault required proof that a deadly weapon was used or exhibited, while Assault Strangulation Enhanced required proof that

7

the defendant impeded the breath or circulation of the victim, proof that the offense was committed against a family member as defined by the Texas Family Code, and proof that the defendant had previously been convicted of a certain type of crime.

The second arguable error pointed out by the appellant's counsel arose when the trial court admitted a prior judgment as evidence of a prior conviction for family violence. The court did not abuse its discretion in allowing the admission of the evidence. At trial, the appellant attacked the judgment for lacking a usable fingerprint, arguing that the State therefore failed to show that he had been convicted of a prior family violence offense. But, other identifying information on the judgment was sufficient to form a link between the appellant and the offense. The trial court did not abuse its discretion in admitting the evidence over the defense's objection that the evidence was substantially more prejudicial than probative.

The third arguable error identified by the appellant's attorney occurred when the trial court admitted testimony from the State's expert witness, Emily LeBlanc, on the psychology of domestic violence. The trial court did not abuse its discretion by admitting the testimony given the expert's qualifications, the relevance of the psychology of domestic violence victims, and the elimination of any unfair prejudice by limiting the expert's testimony to only two issues of controversy based on the complaining witness's statements.

8

The fourth arguable error addressed by the appellant's attorney relates to the denial of the appellant's motion for mistrial, which was predicated upon a claim that the State's attorneys engaged in prosecutorial misconduct by failing to disclose additional details of a differing account given by the complaining witness to her physical therapist. The State's duty to disclose arises when it is in possession of the evidence or should have known it existed. The State was unaware that there were pages missing from the report it received from the complaining witness's physical therapist until the trial had already begun. The trial court acted within its discretion in denying a mistrial because the pages already disclosed showed that the complaining witness had given a differing account for the cause of her injuries and the additional pages provided only more detail to this differing account.

The fifth arguable error addressed by the appellant's counsel arose when the appellant's motion for new trial was denied without a hearing. The denial of a hearing is evaluated under an abuse of discretion standard. Texas law requires a hearing if the matter is not discernible from the record and the motion is supported by an affidavit. The appellant's motion was not supported by an affidavit. Therefore, the trial court did not abuse its discretion in denying the request for a hearing.

## ONE POTENTIALLY MERITORIOUS CLAIM APPEARS TO EXIST

### Argument and Authorities

Pursuant to *Anders v. California*, counsel for the appellant filed a brief asserting counsel's professional opinion that the instant appeal is frivolous and without merit. 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). It appears to the undersigned counsel, however, that one potentially meritorious claim does exist. In particular, it appears that the trial court's judgment form incorrectly identifies Texas Penal Code section 22.02(b)(1) as the statute underlying the appellant's conviction for Aggravated Assault (Count I). *See* CR 146. To be convicted of Aggravated Assault under that provision, a person must, among other things, use a deadly weapon during the commission of the assault and cause serious bodily injury to a person who is member of the actor's family or household or who is a person with whom the actor has had a dating relationship. *See* Tex. Penal Code sec. 22.02(b)(1). A person who engages in such conduct commits a first degree felony. *Id*.

In the instant case, Count I of the indictment alleged, *inter alia*, that the appellant used or exhibited a deadly weapon and that the victim suffered bodily injury. That count did not allege serious bodily injury. CR 6. Similarly, the jury's verdict on Count I reflects that the jury found, among other things, that the appellant used or exhibited a deadly weapon and that the victim sustained bodily

10

injury. That verdict does not reflect a finding of serious bodily injury. CR 118; *see* CR 112-13. Because serious bodily injury was neither alleged nor proved in this case, it appears to undersigned counsel that the appellant's Aggravated Assault conviction could not have arisen under section 22.02(b)(1). This conclusion is further supported by the representation in the judgment that the appellant was found guilty of a second degree felony, not a first degree felony. CR 146; *see* Tex. Penal Code sec. 22.02(b).

An appellate court has the authority to reform a valid but incorrect judgment if the court has the necessary data and evidence before it for reformation. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978); *see* Tex. R. App. P. 43.2(b). If this Court determines that the judgment is erroneous and that the Court has the information needed to correct it, the Court should reform the judgment. Alternatively, if the Court concludes that this is a potentially meritorious claim for which additional briefing is warranted, the Court should grant the appellant's attorney's motion to withdraw, abate this appeal, and remand the case back to the trial court, for a new attorney to be appointed with directions to file a merits brief.

<u>REPLY TO THE FIRST ARGUABLE POINT OF ERROR</u>

N<small>O ISSUES OF DOUBLE JEOPARDY WERE IMPLICATED BY THE CONVICTION OF BOTH COUNTS</small>.

<u>Argument and Authorities</u>

In his first arguable point of error, the appellant's counsel asserts, "The trial court arguably erred by submitting two counts to the jury when the evidence established, arguably, only one offense." Appellant's Brief at 18. The appellant's counsel concludes that "it is clear that Count I and Count II are distinct offenses, and that two sentences are permissible." Appellant's Brief at 21. The undersigned counsel agrees with this conclusion. This Court should agree with the appellant's counsel for all of the reasons set forth below.

The Double Jeopardy clause of the Constitution prohibits multiple punishments for the same offense. But, if the same act or transaction constitutes a violation of two distinct statutory provisions, the test then becomes whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See also Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) (the *Blockburger* test is the starting point for an analysis of two offenses in the context of double jeopardy). Where each provision requires proof of a fact that the other does not, conviction on both counts does not implicate issues of double jeopardy. *Id*. In applying this test, courts take a cognate-

12

pleadings approach and analyze the elements alleged in the charging instrument— not the offenses as defined by the Texas Penal Code. *See Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015).

The jury was properly instructed to consider both counts because the two counts constitute separate offenses under Texas law. Count I of the indictment alleged Aggravated Assault – Bodily Injury with a Deadly Weapon under 22.02 of the Texas Penal Code. CR 6. The charge amounts to a second degree felony. Count II of the indictment alleged Felony Assault Strangulation Enhanced, a second degree felony under 22.01(b-1) of the Texas Penal Code. CR 144. Although the charges are similar, they are not the same for purposes of double jeopardy analysis as each required the State to prove certain unique elements.

Count I required the State to prove that a deadly weapon was used or exhibited during the assault. In that count, the deadly weapon was defined as his hand or his foot ". . . which in the manner of its use or intended use was capable of causing death or serious bodily injury." CR 6. Unlike the first count, Count II did not allege the use or exhibition of a deadly weapon.

Count II separately required that the appellant "impede the normal breathing and circulation of the blood of Alexis Manley." CR 8. Count I contained no such requirement. Count II also required a showing that the appellant had been convicted of an offense against a member of his family or household or with

13

someone with whom he had a dating a relationship. While the offenses alleged in these two counts are similar, each offense required proof of a fact which the other did not. Similarly, because each required proof of a fact that the other did not, neither offense constituted a lesser included offense of the other under Texas law. *See* Tex. Code Crim. Proc. Art. 37.09.

The two counts constitute separate offenses under a *Blockburger* analysis. Conviction for both counts is not a violation of the Fifth Amendment's prohibition of double jeopardy because the offenses include distinct elements. For these reasons, the trial court did not err when it submitted both counts to the jury.

## REPLY TO THE SECOND ARGUABLE POINT OF ERROR

THE TRIAL COURT DID NOT ERR WHEN IT ADMITTED A PRIOR JUDGMENT DEMONSTRATING A PREVIOUS CONVICTION FOR DATING VIOLENCE.

### Argument and Authorities

The appellant's counsel has identified, as another arguable point of error, a potential claim that the trial court erred by admitting the judgment form from a prior conviction because that document was not sufficiently linked to the appellant. Appellant's Brief at 21. The appellant's counsel has determined, however, that this potential claim would not constitute a meritorious point of error. Appellant's Brief at 22-23, 30. Undersigned counsel for the State agrees with that conclusion.

14

A trial court's decision to admit evidence is reviewed under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). The trial court did not abuse its discretion in admitting the evidence because the evidence was used to satisfy an element of Count II, was not unfairly prejudicial, and its effect was mitigated by a limiting instruction.

Prior convictions for sentence enhancements are elements for a jury to evaluate. *See Calton v. State*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005); *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980). Evidence of a previous conviction for domestic violence is relevant to the issue of enhancement, where the State was required to prove that the appellant has been convicted of an offense against a member of his family and household or a person with whom he has had a dating relationship. *See* Tex. Penal Code § 22.01(b-1).

Under Texas law, evidence may be excluded even though relevant, "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. Unfair prejudice is an undue tendency to suggest decision on an improper basis. *Montgomery*, 810 S.W.2d at 389 (explaining "unfair" prejudice by citing the Advisory Committee notes to Fed. R. Civ. P. 403).

15

At trial, the appellant objected to the admission of State's Exhibit 79, the Judgment and Sentence of Graham Sonnenberg for assault family violence, on grounds of unfair prejudice and failure to properly identify the appellant as the perpetrator of that extraneous offense. 4 RR 102-103, 4 RR 92. The appellant was particularly concerned that a fingerprint on State's Exhibit 79 could not be compared to the appellant's fingerprints from State's Exhibit 78, a 10-print card taken at the time of arrest for that offense. 4 RR 101-102, 4 RR 92. However, testimony connected State's Exhibit 78 to State's Exhibit 79 by matching the names, dates, and dates of birth on each. 4 RR 90-91. The offenses listed on the two exhibits were also similar but not identical. 4 RR 91. The trial court found that there was enough evidence connecting the two exhibits that the jury should evaluate whether the State proved the elements that it was required to prove, namely, whether the appellant had entered the plea. 4 RR 92. In ruling on the issue, the trial court clarified that the prior judgment's probative value outweighed any prejudicial effect, and the State needed this particular evidence to prove an element of the charged offense. 4 RR 115. To ensure protection from unfair prejudice, the trial court also gave a limiting instruction to the jury when the exhibit was admitted. 4 RR 106. For these reasons, the trial court did not abuse its discretion in allowing the State to present evidence of the appellant's prior conviction of assault with family/dating violence.

16

## REPLY TO THE THIRD ARGUABLE POINT OF ERROR

THE TRIAL COURT DID NOT ERR WHEN IT OVERRULED THE APPELLANT'S
OBJECTION TO TESTIMONY FROM THE STATE'S EXPERT WITNESS
CONCERNING THE PSYCHOLOGY OF VICTIMS OF DOMESTIC VIOLENCE.

### Argument and Authorities

In his third arguable point of error, the appellant asserts, "The trial court arguably erred by admitting, over objection, testimony from the State's expert witness regarding the psychology of domestic violence." Appellant's Brief at 23. The appellant's counsel concluded that such a claim would not amount to a meritorious point of error, and the undersigned counsel agrees with that conclusion. This Court should conclude that no error occurred for all the reasons set forth below.

A trial court's decision to allow testimony from an expert witness is reviewed on an abuse of discretion standard. *Dixon v. State*, 244 S.W.3d 472, 478 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (citing *Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006)). A trial court's decision to admit evidence is upheld "as long as the trial court's ruling was at least within the zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form

17

of an opinion or otherwise." Tex. R. Evid. 702. By objecting to expert testimony, a party may challenge an expert's qualifications, the reliability of the subject matter that the expert covers, and the relevance of the subject matter. *Jessop v. State*, 368 S.W.3d 653, 689 (Tex. App.—Austin 2012, no pet.).

Texas courts have recognized that testimony concerning the behavior of abuse victims is an appropriate subject for expert testimony. *Dixon*, 244 S.W.3d at 480. An expert's testimony is relevant when it is based on an accepted model in the field of study, even if it is not based on the parties before the court. *See Scugoza v. State*, 949 S.W.2d 360, 363 (Tex. App.—San Antonio 1997, no pet.); *Brewer v. State*, 370 S.W.3d 471, 474 (Tex. App.—Amarillo 2012, no pet.).

In this case, the appellant objected under Rules of Evidence 702, 703, 704, 705 and Article 39.14 of the Code of Criminal Procedure. 5 RR 133-134. The appellant also objected to the relevance of the testimony and that its prejudicial value substantially outweighed its probative value. 5 RR 134. After conducting a gatekeeper hearing outside of the presence of the jury, the trial court sustained the objection, in part; and overruled the objection, in part. 5 RR 134. The trial court allowed the expert to provide specialized knowledge on two issues given her knowledge and experience. 5 RR 140. Emily LeBlanc, the State's expert witness, is a counselor and the director of community advocacy at SafePlace. 5 RR 144. She has two degrees from the University of Texas; an undergraduate degree in

psychology and a master's in counseling. 5 RR 146-47. Trial counsel never raised a specific objection to LeBlanc's qualifications as an expert on the psychology of domestic violence.

Given her experience, the trial court allowed her to testify on the Duluth model of the "power and control wheel." However, the court limited her testimony to analyzing the role property damage and victim blaming play in domestic violence. The trial court admitted these issues based on their direct correlation to the complaining witness's testimony. Limiting her testimony was sufficient to ensure the testimony was relevant (as it related only to matters which had already been testified to by the complaining witness), that it was probative, and that its probative value was not substantially outweighed by its prejudicial effect.

## REPLY TO THE FOURTH ARGUABLE POINT OF ERROR
THE TRIAL COURT DID NOT ERR WHEN IT REJECTED THE APPELLANT'S MOTION FOR MISTRIAL BASED UPON PROSECUTORIAL MISCONDUCT.

### Argument and Authorities

In his fourth arguable point of error, the appellant asserts, "The trial court arguably erred by rejecting the defense motion for mistrial based upon prosecutorial misconduct." Appellant's Brief at 25. The claim is predicated on a theory that the State failed to disclose exculpatory evidence, namely the additional details regarding the cause of the injury that the complainant, Ms. Manley, gave to

19

her physical therapist when she sought treatment. 5 RR 10. The appellant's counsel determined that there is no merit to such a claim, and the undersigned counsel agrees with that conclusion. This Court should find that no error occurred.

A trial court's denial of mistrial is reviewed under an abuse of discretion standard. *Russeau v. State*, 171 S.W.3d 871, 885 (Tex. Crim. App. 2005). The appellant has labeled this an issue of prosecutorial misconduct, but it is more precisely a *Brady* claim where the good faith or bad faith of the prosecutor is not at issue. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97 (1963).

Due process requires that the State disclose exculpatory and impeachment evidence to the defense that is material to guilt or punishment. *Ex parte Reed*, 271 S.W.3d 698, 726 (Tex. Crim. App. 2008); *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 1948 (1999)). This duty attaches only when the information is possessed by the State or its agents, including the police. *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567 (1995). But, there is no duty when the State neither possesses the information nor knows of its existence. *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011). To prevail on a Brady claim, the undisclosed evidence must be favorable and material. *Id*. at 812. Materiality requires that the defendant be prejudiced by the failure to disclose and must amount to more than a mere possibility that the evidence may have helped the defense. *Id*.

20

To prevail on a Brady claim, the appellant must show that the State was in possession of the complete report. The State received a report from the complaining witness's physical therapist, which it believed to be a complete report. 5 RR 10. The original report included information that the witness had given an alternative account of the cause of the injury. CR 44. Only after eliciting the report a second time when one of the original pages went missing was the State given the complete report. 5 RR 10. The State disclosed it to the appellant on the third day of trial before either side had rested, which was the same day it received the complete report. 5 RR 11-12. The State had no duty to disclose information that was outside of its possession.

Even if this Court finds that a duty existed, the evidence was not material. The physical therapist's report indicated that the complaining witness indicated that she received the injury to her arm from a fall. 5 RR 206, 8 RR 506. The evidence at issue, the additional pages of the report, showed that she also told her physical therapist that the injury occurred in Houston the day before the attack. 5 RR 209, 5 RR 504. These details are not material given that the defense had the opportunity to cross-examine the complaining witness as to the differing accounts for her injuries and failed to utilize the opportunity. Trial counsel for the appellant also assured the court that he had sufficient time to review the evidence when it was disclosed to him. 5 RR 12.

21

## REPLY TO THE FIFTH ARGUABLE POINT OF ERROR

THE TRIAL COURT DID NOT ERR WHEN IT REFUSED TO CONVENE A
HEARING ON THE APPELLANT'S MOTION FOR NEW TRIAL.

### Argument and Authorities

In his fifth arguable point of error, the appellant's counsel asserts, "The trial court arguably erred in refusing to convene a hearing on Appellant's First Amended Motion for New Trial." Appellant's Brief at 6. The appellant's counsel subsequently concluded that no error occurred because the trial court was legally justified in refusing to hold a hearing. *Id.* This Court should find that no error occurred for all of the reasons set forth below.

It was within the court's discretion to deny a hearing on the Motion for New Trial and Request for Evidentiary Hearing. A trial court's decision to deny a hearing on a motion for new trial is reviewed under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). Under Texas law, such a hearing is not an absolute right. *Id* at 338. A hearing is not required if the appeal is determinable from the record. *Id.* When the motion is based on matters not within the record, an affidavit is required in support of the motion. *Id.* at 339. *See also Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). The affidavit may be from the defendant or someone else. *Id.* The appellant's motion for new trial premised on ineffective assistance of counsel was

22

not supported by an affidavit.  It was therefore within the court's discretion to deny the motion without convening a hearing.

PRAYER

WHEREFORE, the State requests that the Court consider the information provided above, determine whether there are any colorable claims for appeal, and then take appropriate action.

Respectfully submitted,

Rosemary Lehmberg
District Attorney
Travis County, Texas


*/s/ M. Scott Taliaferro*

Rachel Palacios                M. Scott Taliaferro
Law Clerk                      Texas Bar No. 00785584
                               Assistant District Attorney
                               Director, Appellate Division
                               District Attorney's Office
                               P.O. Box 1748
                               Austin, Texas  78767
                               Phone: 512.854.3626   Fax: 512.854.4810
                               Email: scott.taliaferro@traviscountytx.gov
                                 and   AppellateTCDA@traviscountytx.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this brief, that this brief contains 4,905 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count. I certify, further, that this brief is printed in a conventional, 14-point typeface except for footnotes, any and all of which are printed in a conventional, 12-point typeface.

/s/ M. Scott Taliaferro
M. Scott Taliaferro

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of August, 2015, a copy of the foregoing State's brief was sent, via U.S. mail, email, facsimile, or electronically through the electronic filing manager, to the following attorney for the appellant:

Don Morehart, Esq.
316 West 12th Street, Suite 313
Austin, Texas 78701

/s/ M. Scott Taliaferro
M. Scott Taliaferro

24