

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0398-17

### JOSE OLIVA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**RICHARDSON, J., filed a concurring opinion.**

### CONCURRING OPINION

According to the majority opinion, the fact of a prior DWI conviction is an element

of a felony DWI offense, but it is not an element of a Class A misdemeanor DWI offense.

This conclusion has support in our precedent. In 1986, in the case of *Luedke v. State*,[1] we

held that the "felony offense of driving while intoxicated is a different offense than

_____

[1] 711 S.W.2d 657 (Tex. Crim. App. 1986).

misdemeanor driving while intoxicated."[2] We found the prior DWI convictions that raise a DWI offense to a felony are "historical fact[s]," and not "merely a punishment consideration."[3]

However, as correctly noted by Judge Keasler's dissenting opinion, the majority's holding conflicts with our 2005 opinion in *Calton v. State*.[4] In *Calton*, the defendant's prior conviction for evading arrest elevated his conviction from a state jail felony to a third degree felony, and we held that such prior conviction was an element of the offense. In *Calton*, we explained the differences between elements and enhancements: "[T]he elements of an offense [are] the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense."[5] "A prior conviction alleged for enhancement 'is not really a component element of the primary offense.'"[6] Significantly, we said in *Calton* that, "An enhancement 'increase[s] the punishment range to a certain range above that ordinarily prescribed for the indicted crime.' It does not change the offense, *or the degree of the offense*, of conviction. There can be no enhancement until a person is first convicted

---

[2] *Luedke*, 711 S.W.2d at 659.

[3] *Id*.

[4] 176 S.W.3d 231 (Tex. Crim. App. 2005). We note that *Calton* did not cite to *Luedke*.

[5] *Id*. at 233 (citing TEX. PENAL CODE § 1.07(22)).

[6] *Id*. (citing *Brooks v. State*, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997)).

of an offense *of a certain degree*."[7]  We concluded in *Calton* that the prior conviction for evading arrest was an element of the charged evading offense and had to be proved at the guilt phase of trial.[8]

Although the fact of the prior conviction not being a "jurisdictional element" seems to be the deciding factor in the instant case, in *Calton* we expressly rejected the argument that when the prior conviction affects jurisdiction it constitutes an element of the offense:

> So the relevant question is whether the prior conviction is an element of the offense, not whether it is jurisdictional. . . . And whether something is an element of an offense is a completely separate inquiry from whether it is jurisdictionally required.  We have made clear that jurisdiction is not an element of an offense. [citing *State v. Mason*, 980 S.W.2d 635 (Tex. Crim. App. 1998)] . . . We reject the State's contention that there is no third category of "non-jurisdictional element of the offense."

We also expressly rejected the argument that Article 36.01 of the Texas Code of Criminal Procedure[9] controls:

> The State contends that our result violates Art. 36.01. . . . [T]he State's interpretation renders a portion of Art. 36.01 meaningless. . . . [T]he fact that the prior conviction was not jurisdictional satisfies only the second part of Art. 36.01.  The first part of the statute is that the prior conviction is alleged for purposes of enhancement only.  That language is not satisfied in this case.  *In*

---

[7] *Id*. at 233–34 (emphasis added) (citing *Ex parte Beck*, 769 S.W.2d 525, 527 (Tex. Crim. App. 1989)).

[8] *Id*. at 236.

[9] Article 36.01(a)(1) provides that, "When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

*this case, the prior conviction was not alleged for enhancement purposes only.* As a result it needed to be proved at the guilt phase of trial.[10]

We touched on this topic in our 2015 decision in *Ex parte Benson*, but that case was not directly on point with the issue before us today.[11] *Benson* involved whether a double jeopardy violation occurs when a defendant is convicted of intoxication assault and felony DWI. Somewhat consistent with *Calton*, in *Benson* we recognized that a "statutorily prescribed aggravating fact plays one of *three* roles in enhancing an offense: (1) creating a new aggravated offense in which the aggravating fact is an element, (2) enhancing *the level of* the offense, *or* (3) enhancing *the punishment for* the offense."[12] But in direct contrast to what we said in *Calton*, we observed that Article 36.01 was "a legislative recognition that prior convictions that are needed to make an offense a felony (vesting jurisdiction in the district court) *were not mere enhancements but were elements of the offense.*"[13] Nevertheless, we ultimately opined in *Benson*, as the majority does today, that section 49.09 created "two sorts of enhancements"—one that is jurisdictional (two prior DWI's) and one that is not (one prior DWI).[14]

---

[10] *Calton*, 176 S.W.3d at 235 (emphasis added).

[11] *Ex parte Benson*, 459 S.W.3d 67, 74 (Tex. Crim. App. 2015).

[12] *Id*. at 74 (emphasis added).

[13] *Id*. at 83 (emphasis added). We did acknowledge (in a footnote) our opinion in *Calton* as standing for the proposition that "a prior-conviction requirement in a statute can be an element of an offense even if it is not jurisdictional." *Id*. at n.95.

[14] *Id*. at 88.

So where does that leave us? *Calton* clearly holds that a prior-conviction requirement in a statute *that changes the degree of the offense* is an element of that offense that must be proved during the guilt/innocence stage of the trial. But today's majority opinion holds that a prior DWI conviction that changes the degree of the offense from a Class B misdemeanor to a Class A misdemeanor is not an element, but only a punishment enhancement. I agree with Judge Keasler that the Court's opinion runs afoul of *Calton*. Moreover, despite the jurisdictional component, it seems illogical to hold that having one prior DWI *is not* an element of a Class A misdemeanor DWI, but having two prior DWI's *is* an element of a felony DWI. And, it makes sense that a prior conviction for DWI would be part of the "forbidden conduct"[15] of a higher degree of DWI since it is the prior DWI that raises the level of the offense.

Nevertheless, the DWI statute is ambiguous on this issue, and the Legislature has not clarified whether a prior conviction that changes the degree of the DWI offense constitutes an "element" of the enhanced offense or serves merely as a punishment enhancement. Because I ultimately agree with the majority that there are policy considerations in preventing

---

[15]"'Element of the offense' means: (A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D)the negation of any exception to the offense." TEX. PENAL CODE § 1.07(22)).

prejudice that would arise from informing the jury of extraneous offenses before a finding of guilt,[16] respectfully, I concur in the result.

FILED:        May 23, 2018

PUBLISH

---

[16] *See* TEX. R. EVID. 403 and 404(b)(1); *see also Hernandez v. State*, 109 S.W.3d 491, 494 (Tex. Crim. App. 2003) (If a defendant stipulates to prior offenses used as jurisdictional enhancements, a trial court should not permit the admission of evidence of the prior convictions during the guilt/innocence phase because the danger of unfair prejudice from the introduction of such evidence substantially outweighs its probative value.)  These policy considerations will affect several criminal statutes that elevate the degree of the offense based on a prior conviction of that offense.  *See* TEX. HEALTH & SAFETY CODE § 822.045 (owning a "dangerous dog" goes from a Class C misdemeanor to a Class B misdemeanor if the person has a prior conviction under that section); TEX. HEALTH & SAFETY CODE § 145.0096 (If a sexually oriented business advertises using the word "tan" or "tanning" the Class C misdemeanor jumps to a Class A if there is a previous conviction for that offense); TEX. WATER CODE § 7.184 (A violation relating to low-level radioactive waste goes from a Class B misdemeanor to a Class A misdemeanor with a prior conviction under that section); TEX. AGRIC. CODE § 161.141(c), (d) (A Class C offense for moving a quarantined animal becomes a Class B misdemeanor with a prior offense under that section, and violating a quarantine established in relation to foot-and-mouth disease increases from a Class A misdemeanor to a felony if it is a second or subsequent offense); TEX. PARKS & WILD. CODE § 90.011 (unlawfully prohibiting public use of a protected freshwater area goes from a Class C misdemeanor to a Class B if convicted two or more times of that offense); TEX. PENAL CODE § 21.17 (a Class C offense for voyeurism goes to a Class B misdemeanor with two or more previous convictions under that section); TEX. TRANSP. CODE § 521.457 (A Class C offense of driving while license invalid goes to a Class B with a prior offense under that section); TEX. ALCO. BEV. CODE § 101.76 (A Class B offense of unlawful display or use of a permit or license goes to a Class A with a prior offense under that section).