

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00476-CR

JOE DANIEL LUNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19083-1203, Honorable Edward Lee Self, Presiding

May 28, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Joe Daniel Luna appeals his conviction for assault and alleges that he was improperly punished. We reform, reverse and remand.

### Background

Here, the jury found appellant guilty of class A misdemeanor assault during the guilt phase of the trial. However, during punishment, the State sought to elevate the crime into a felony of the third degree by presenting evidence that appellant had previously been convicted of assaulting a family member. Because the jury ultimately

found (in answer to the trial court's instructions during punishment) that appellant had committed the aforementioned prior offense, appellant was convicted of and sentenced for committing a third degree felony. Now we are being asked if that was proper. Specifically, appellant contends that before he could be convicted for the felony, the State had to prove the existence of the prior offense as part of its case-in-chief during the guilt phase of the trial. We agree.

### Discussion

Statute provides that a person commits an offense if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a) (West 2011). Normally, the crime is considered a Class A misdemeanor, "except . . . the offense is a felony of the third degree if the offense is committed against: . . . (2) a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if: (A) it is shown *on the trial of the offense* that the defendant *has been previously convicted* of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." *Id.* § 22.01(b)(2)(A) (emphasis added). No one disputes that the prior offense averred in the charge on punishment was of the ilk itemized in section 22.01(b)(2)(A). So, we are left simply to determine whether it had to be proven during the guilt phase of the trial, as opposed to the punishment phase, before the crime could be considered a third degree felony.

In *Calton v. State*, 176 S.W.3d 231 (Tex. Crim. App. 2005), the Court of Criminal Appeals was asked to resolve a like contention involving a similarly structured statute.

2

There, the accused was charged with evading arrest or detention and the operative statute, in effect at the time the Court issued its opinion, provided that:

> (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.
>
> (b) An offense under this section is a Class B misdemeanor, except that the offense is:
>
> (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;
>
> (2) a felony of the third degree if;
>
> (A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section. . . .

TEX. PENAL CODE ANN. § 38.04 (West 2001). Upon looking at the statutory verbiage, the Court encountered "nothing ambiguous about the" language. *Calton v. State*, 176 S.W.3d at 234. "It defines third-degree evading arrest as occurring when the actor has previously been convicted of evading arrest. A conviction for this offense cannot occur until this element is proved." *Id.* In other words, it concluded that proving the existence of a prior conviction for evading arrest was an element of the crime categorized as "third-degree evading arrest." More importantly, that element (*i.e.* the prior conviction) had to be established, according to the Court, during the guilt phase of the trial as part of the State's burden. *Id.*

Section 22.01(b)(2)(A) can be read no differently than § 38.04. The former, like the latter, initially classifies the offense as a misdemeanor, then specifies that it is a felony if the accused was previously convicted of some other specified offense. So, we are compelled to hold that unless the State proved the existence of the prior conviction

during the guilt phase of the trial, appellant could not be convicted of third-degree felony assault here. *Accord*, *Olivas v. State*, No. 08-11-00081-CR, 2013 Tex. App. LEXIS 3052, at *9 (Tex. App.–El Paso March 20, 2013, no pet.) (not designated for publication) (stating that "[b]ecause an alleged prior conviction of family-violence assault is required to raise the underlying misdemeanor offense to a third-degree felony offense, we do not agree that the prior conviction is merely a punishment enhancement"). And, that did not happen.

Because the State failed to carry its burden of proof, the trial court erred convicting appellant for felony assault. Thus, the judgment is reformed to reflect that the offense for which he was convicted was a class A misdemeanor. We also reverse that portion of the judgment by which appellant was sentenced to ten years imprisonment and fined $5000 for the punishment exceeds that attributable to a class A misdemeanor. So, the cause is remanded to the trial court for a new punishment hearing. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (stating a sentence outside the maximum range of punishment for that offense is illegal); *see also Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App.1999) ("[A] defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature").

Brian Quinn
Chief Justice

Publish.

4