# NO. 12-17-00364-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLD WAYNE HOLOMAN,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Harold Wayne Holoman appeals his conviction for felony assault family violence. In two issues, he argues that the evidence is insufficient to support his conviction and his sentence is unlawful because it exceeds the maximum punishment authorized by statute. We sustain Appellant's second issue, reform the judgment, and remand for a new punishment hearing.

## BACKGROUND

Appellant was charged by indictment with assault family violence against Melissa Bostic, a member of Appellant's household. The indictment alleged that Appellant impeded Bostic's normal breathing or circulation of blood by applying pressure to her neck. Prior to trial, the State filed a written notice to seek a higher punishment range based upon prior felony convictions. The notice alleged that Appellant had prior convictions for felony drug possession and felony assault family violence. Appellant subsequently pleaded "not guilty" to the charged offense and the case proceeded to a jury trial.

The jury acquitted Appellant of the indicted offense, but returned a verdict of "guilty" on the lesser included offense of assault family violence. Appellant elected to have the trial court assess his punishment. The trial court found the enhancement allegations "true" and sentenced him to twenty-five years of imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In Appellant's first issue, he argues that the evidence is "insufficient to support a felony assault causing bodily injury/family violence with previous conviction."

**Discussion**

Appellant's specific complaint regarding the sufficiency of the evidence is that the State failed to prove that Appellant had a previous conviction for assault family violence. In Texas, it is generally a Class A misdemeanor when a person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01 (a)(1)(b) (West Supp. 2017). However, it is a felony of the third degree if a person commits the offense against a person whose relationship to or association with the defendant is described by Texas Family Code Section 71.0021(b) (dating relationship), Section 71.003 (family member), or Section 71.005 (member of the same household) if:

> (A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; or
> (B) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck by blocking the person's nose or mouth.

*Id.* § 22.01(b)(2)(A), (B); *see also* TEX. FAM. CODE ANN. §§ 71.0021(b) (West Supp. 2017); 71.003 (West 2014); 71.005 (West 2014).

Here, Appellant was charged with third degree felony assault family violence by impeding breath or blood, not by having a previous conviction for family violence. TEX. PENAL CODE ANN. § 22.01(b)(2(B). The trial court instructed the jury on the lesser included offense of assault family violence as follows:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the felony offense of assault family violence by impeding the breath or blood, as alleged in the indictment, and you shall next consider the lesser-included offense of assault causing bodily injury family violence.
> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of October, 2013, in Anderson County, Texas, the defendant, Harold Wayne Holoman, did intentionally, knowingly, or recklessly cause bodily injury to Melinda Bostic, a member of the defendant's family or member of the defendant's household or person with whom the defendant has or had had a dating relationship as described by Section 71.003 or 71.005 or 71.0021(b),

2

Family Code, then you will find the defendant guilty of the lesser-included offense of assault causing bodily injury family violence.

The jury acquitted Appellant of assault family violence by impeding breath, but found Appellant "guilty" of the lesser included charge of assault family violence. Thus, based on the language of the court's charge to the jury, it is clear that Appellant was convicted of misdemeanor assault family violence. *See id*. § 22.01 (a)(1)(b). Because misdemeanor assault family violence does not require proof of a previous conviction, Appellant's contention that the evidence is insufficient to support felony assault causing bodily injury/family violence with previous conviction is without merit. We overrule Appellant's first issue.

### ILLEGAL SENTENCE

In Appellant's second issue, he argues that his sentence is illegal because his sentence exceeds the punishment allowed by statute for misdemeanor assault family violence. We agree.

**Discussion**

In this case, Appellant was charged with assault family violence by impeding breath or blood, a third degree felony. *Id*. § 22.01(b)(2)(B). However, the jury acquitted Appellant of that offense, and found him "guilty" of "assault causing bodily injury family violence, a lesser-included charge of the indictment." As previously discussed, the record demonstrates that the jury found Appellant "guilty" of *misdemeanor* assault family violence. Further, the State did not offer any evidence of Appellant's prior assault family violence convictions at the guilt/innocence stage of trial, nor did the jury make a finding that Appellant had a previous conviction for assault family violence. Thus, we conclude that Appellant was convicted of a Class A misdemeanor. *See id.* § 22.01(a)(1)(b). The punishment for a Class A misdemeanor is a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both. *Id.* § 12.21 (1)-(3) (West 2011).

The State argues that it proved Appellant had a previous assault family violence conviction which enhanced his conviction to a third degree felony. Further, the State argues that it proved Appellant had two prior sequential, final felony convictions which subjected Appellant to the habitual felony punishment statute, and therefore, Appellant's sentence is within range. *See id.* § 12.42 (d) (West Supp. 2017). We disagree. The habitual offender statute under which Appellant was sentenced applies only to persons convicted of felony level offenses. *See*

3

*generally id.* § 12.42. Appellant, however, was convicted of a misdemeanor offense, not a felony offense. Thus, the habitual offender statute does not apply.

Moreover, proof of a prior conviction for assault family violence is required to raise the underlying misdemeanor offense to a third degree felony offense. *See id.* § 22.01(b)(2)(A), *see also* **Olivas v. State**, No. 08-11-00081-CR, 2013 WL 1182208, at *4 (Tex. App.—El Paso Mar. 20, 2013, no pet.) (op., not designated for publication) (citing **Calton v. State**, 176 S.W.3d 231, 232-33 (Tex. Crim. App. 2005) (recognizing that enhancement serves to increase punishment range but not to change degree of offense.)). Therefore, the State was required to prove the existence of a prior assault family violence conviction at the guilt phase of the trial. **Luna v. State**, 402 S.W.3d 849, 852 (Tex. App.—Amarillo 2013, no pet.) (State must prove existence of prior conviction for assault family violence during guilt phase of trial to convict appellant of third degree assault family violence); *see also* **Calton**, 176 S.W.3d at 234.[1] Yet, the State did not present any evidence to prove Appellant's prior conviction at the guilt stage of trial.

Thus, because Appellant was found guilty of misdemeanor assault family violence, his sentence of twenty five years confinement is outside the applicable range of punishment. *See* TEX. PENAL. CODE ANN. §§ 12.21(1)-(3); 22.01(a)(1)(b). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. **Mizell v. State**, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (sentence outside maximum range of punishment for that offense is illegal); **Speth v. State**, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999) ("[A] defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature."). Therefore, we hold that the trial court erred in pronouncing a void and illegal sentence in this case. Appellant's second issue is *sustained*.

---

[1] There is a split of authority among our sister courts as to whether a prior family violence conviction is an element of the offense or a sentence enhancement. *Compare* **Sheppard v. State**, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.) (treating prior conviction for family violence as an essential element of the felony assault offense) *with* **State v. Cagle**, 77 S.W.3d 344, 347 n.2 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (treating prior conviction for family violence as a sentence enhancement instead of an element of the offense because of the operative statutory language in Section 22.01(b)(2)); *see also* **Zavala v. State**, No. 03–05–00051–CR, 2007 WL 135979, at *1 n.2 (Tex. App.—Austin Jan. 22, 2007, no pet.) (mem. op., not designated for publication) (recognizing split between **Sheppard** and **Cagle**). After **Cagle**, the Texas Court of Criminal Appeals decided **Calton**, where it concluded that proving the existence of a prior conviction for evading arrest was an element of the crime categorized as "third degree evading arrest" and had to be established during the guilt phase of the trial as part of the state's burden. **Calton**, 176 S.W.3d at 234. The Amarillo Court of Appeals relied on **Calton** in holding that the State was required to prove the existence of a prior conviction for assault family violence at the guilt phase of trial in a prosecution for third degree assault family violence with previous conviction. **Luna**, 402 S.W.3d at 851. Given the court of criminal appeals's holding in **Calton**, we agree with the Amarillo Court's reasoning in **Luna**.

## DISPOSITION

Having the necessary data and information to correct the trial court's judgment, we *modify* the judgment to reflect that Appellant was convicted of Class A misdemeanor assault family violence. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Further, we *remand* the case to the trial court for a new punishment hearing consistent with this opinion. *See id.*; *see also Mizell*, 119 S.W.3d at 806; *see also Speth*, 6 S.W.3d at 532-33.

GREG NEELEY
Justice

Opinion delivered August 8, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 8, 2018**

**NO. 12-17-00364-CR**

**HAROLD WAYNE HOLOMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-15-32178)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **modified** to reflect that Appellant was convicted of Class A misdemeanor assault family violence and **remand** this case to the trial court for a new punishment hearing consistent with this opinion; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*