

**ORDER OF ABATEMENT**

| | |
|---|---|
| Cause Number: | 01-18-00715-CR |
| Trial Court: | 180th District Court of Harris County |
| Trial Court Cause Number: | 1552202 |
| Style: | Fredrick Pierre Cooks v. The State of Texas |

Appellant was charted with the third-degree felony offense of evading arrest or detention with a motor vehicle. The indictment alleged that Fredrick Pierre Cook (not Cooks) fled, using a motor vehicle, from a peace officer attempting to lawfully arrest or detain him. The indictment, however, does not allege all essential elements of the offense. *See* TEX. PENAL CODE § 38.04(b)(2)(A) (evading arrest or detention). Specifically, the indictment does not include the element addressing Appellant's previous conviction(s) for evading arrest. *Id.* Appellant pleaded not guilty and was tried before a jury. The State did not introduce any evidence of the prior evading-arrest convictions at the guilt-innocence phase of trial. Furthermore, the jury charge did not ask the jury to find whether Appellant had been previously convicted of evading arrest. Based on this charge, the jury found Appellant "guilty as alleged in the indictment."

Appellant's appointed counsel has moved to withdraw from this appeal and filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Under *Anders*, if appointed counsel concludes after reviewing the record and applicable law that the appeal is without merit, counsel must advise the court, file a motion to withdraw, and file a brief discussing any issue that might arguably support the appeal. *See id.*; *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). The appellate court must then perform an independent examination of the record and the law to determine whether the appeal is frivolous. *See Anders*, 386 U.S. at 744. The question before us in not who will ultimately prevail but instead whether any non-frivolous issue exists.

Based on our independent review of the record and applicable law, we conclude that non-frivolous issues may exist. First, the jury convicted Appellant without determining that Appellant had been previously convicted of evading arrest, which was an element of the charged offense. *See Calton v. State*, 176 S.W.3d 231, 237 (Tex. Crim. App. 2005) (en banc) (holding that a prior evading-arrest conviction is an essential element under Section 38.04(b)(2)(A) and must be proved at the guilt-innocence phase of trial). Second, there appears to be a discrepancy in the name used to identify Appellant in the indictment, judgment, and other court documents that has not been addressed. Accordingly, we strike counsel's *Anders* brief, deny counsel's motion to



**ORDER OF ABATEMENT**

withdraw, and abate this appeal. Appellant's appointed appellate counsel is ordered to brief the non-frivolous issues, the first in light of the decision in *Calton*, and this brief will be due **November 27, 2019**. This appeal will be reinstated after the brief is received by this Court.

It is so ORDERED.


Judge's signature: /s/ Sarah Beth Landau

☒ Acting individually          ☐ Acting for the Court


Date: November 7, 2019